OPINION of the Court, by
Judge Bibb.
— In debt; on bond, conditioned for the payment of $ 153 75 on. or before the 16th of August, 1806, dischargeable “ in notes on persons living within the county of Franklin, of sums under a warrant, to be demanded and paid in Frankfort,” the plaintiff assigned breaches, 1st. in non payment generally ; 2dly. in non payment in notes, “ although demanded in Frankfort, &c. on the-- day of —, 1806.” The defendant pleaded conditions performed, the plaintiff consenting to submit the whole merits of the cause to the jury, without special pleading. On the trial the defendant proved a payment, on the 1st of July, of 16 dollars ; and on the 3d of the same month, in the year 1307, another payment of 17 dollars 12 cents 5 mills. The plaintiff holding another bond on the defendant, payable in August succeeding the trial, claimed the right to apply these sums to the latter bond, as there was no evidence of any agreement” as to which bond these credits should be applied.. On this ground the plaintiff objected to the evidence, and the objection was sustained by the court, and the evidence withheld from the jury ; to which the defendant excepted.
By a second bill of exceptions it appears that the plaintiff had drawn on the defendant, dated August 30th, 1806, requesting him “ to pay Mr. Smither twenty-seven dollars in cash notes, under a warrant,” &c. which order the defendant had taken up, and produced in evidence. The plaintiff alleged that the order was included in a credit endorsed ; to support which allegation he produced a paper, set forth at large in the bill of exceptions, bearing date November 1st, 1806, being nothing more than a receipt for sundry small notes, therein noted by the names of the debtors and the sums, amounting to 34 dollars 50 cents, which the plaintiff proved to have been a constable’s receipt to. him for notes put into the constable’s hands for collection ; which is certified as the xithole evidence relative to the said allegation : the defendant, to rebut the allegation, relied on the endorsements on the bond, which is made part of the bill of exceptions. These credits are* “ Novem.» *335 ber 1st, 1806 — Received on the within sixty-one dollars and fifty cents. — Teste, William White. Credit for 15 dollars, 6th February, 1807 — —-4 dollars, February 14 th, 1807-”
The jury found for the plaintiff the debt to be discharged by 77 dollars 25 cents in damages ; whereupon the defendant moved for a new trial, 1st. on account of the opinion of the court as contained in the first bill of exceptions ; 2dly. because the jury had not allowed a credit for the order in favor of Smither. The court, consisting of two judges, were divided in opinion; therefore the motion failed, and judgment was rendered on the verdict; from which Bacon appealed.
The questions presented by the assignment of errors may be considered as being,
1st. Did the court decide correctly in permitting the credit of 33 dollars 12 cents five mills to be applied to the bond not then payable, and therefore withholding the evidence from the jury ?
2dly. Was the evidence respecting the order coupled with the finding of the jury of such a character as that the court should have sustained the motion for a new trial on that ground ?
The rule is well settled, that the debtor in making payments may direct to which of two or more demands against him he will have them applied ; and if the creditor receives the payments, he must apply them accordingly. And it seems equally well settled, that, in default of such direction, where the debts are of the same dignity and parallel in their consequences and charge upon the debtor, the creditor may apply the payment to either, at his election — Goddard vs. Cox, 2 Str. 11-94, and Bloss and Cutting, there quoted, 1195. Butin respect of debts bearing interest and those not bearing interest, it seems equity would, in such case, direct a general payment to be applied to the debt bearing interest ; for it is more rational to suppose that the debtor should elect to pay off the score carrying interest than that which carried none — Heyward vs. Lomax, 1 Vern. 24. That this rule in equity differs from the rule at law, is no where adjudged ; for the decisions cited from Strange do not oppugn the decision in chancery: the debts respectively put in competition, out of which the creditors were permitted to make the ©lection, were of *336 equal dignity, But be that as it may, we conceive the present was not a case in which the creditor had an election ; because the bond, to which he insisted to apply the payment, although debitum in presentí, (that is to say, at the time of payment,) was yet solvendum in futuro. Thus the creditor, by the opinion of the court, was permitted to anticipate his debt for so much on the one bond, leaving the debtor subject to the action on the other. This should not have been permitted but upon the evidence of an express assent on the part of the debtor.
By deducting the credits endorsed from the extent of the legal obligation upon the debtor, it is apparent that the jury did not allow a deduction of the order in favor of Smither. White, the subscribing witness to the credit of 61 dollars 50 cents, was not produced to explain of what that credit was composed, or whether the order was included. The constable’s receipt is not connected with the transactions of Brown and Bacon, by any thing which appears on its face, or by any evidence aliunde. The jurors ought not to find a verdict upon the private knowledge of themselves, or of one or more of their fellows, concerning a particular fact in the cause ; but in such case the juror or jurors should be sworn to give evidence, that the parties may hear, cross examine, rebut, or explain. Much less ought they to exercise a wild licentious power of finding against or without evidence. There was no similarity between the date or amount of the order, and the credits endorsed from which the jury could reasonably have drawn the conclusion that the order had been inclusively credited. It was not proved that the notes for which the constable receipted to Brown had been received of Bacon, from which even a rash presumption might have arisen, but which the law saith shall yet weigh nothing, and shall not be put in the scales of evidence. So that the only effect which the constable’s receipt could have was quite unconnected with the case, being nothing more than recalling to the mind a mere abstract numerical axiom, that 27 and 34 50, added together make 61 50. As the order was arbitrarily disallowed by the jury, or omitted, the court should have set aside the verdict and granted a new trial upon the application of the appellant.-Judgment reversed,