Chief Justice Biee
delivered the Opinion of the Court.
At March term, 1820, of the Fayette circuit court, John Womack had judgment against Samuel Long, the principal, and John Fisher and Stephen Chipley, his securities, for $165, with interest from October, 1819, until paid and costs.
About that time, Long had judgment against Jas. Elliott for a larger amount.
On the 5th May, 1820, Womack assigned .his judgment to Robert Scott; and on the 5th May, 1820, an execution issued upon Womack’s judgment, endorsed to Scott; which execution, by the order of Scott, remained in the clerk’s office, never delivered to the sheriff.
Long applied to Elliott to execute his note to Scott, offering a discount of part of his judgment, stating his object was to save his securities, Fisher and Chipley, and induced Elliott to execute his note, by the abatement, to Scott for $200, and, thereupon released his judgment against Eliiott,
This note to Scott was payable at ninety days. Long solicited Elliott to anticipate, the payment, and proposed to. take $180. Then Scott was applied to on this subject, be at first refused to ratify this discount, but at length agreed, and received of Elliott $170. Long received the balance, and the note was given up to Elliott,
Bill by Long &c. for injunction against Scott.
Answer of Scott.
Amended answer.
On the 27th July, 1821, Scott issued execution on Womack’s judgment against Long, Fisher and Chipley, on which he afterwards made this endorsement.
“By forty-one dollars and 76c. assumed by James Morrison on account of S. Long, 16th September 1821. Signed, Robert Scott.”
To be relieved from this execution, Long, Fisher and Chipsey exhibited their bill for injunction, claim jug the application of the money received by Scott to this judgment and execution, and alleging that it was paid.
Scott, by his answer, states that the judgment was assigned to him by Womack, in consideration of a debt due from Womack to Morrison, Sutton and Boswell, Scott being the. agent of Morrison. He claims to appropriate the sum of §170, received from Elliott for Long, first to. discharge private advances he made from time to time to Long;—states that when he received the money of Elliott he settled jns account of these advances, and supposed the balance $53— this remained not applied to the credit of Long, but he intended to apply it to the, debt in the bill mentioned, if there should remain that sum due Long on settlement with James Morrison, with whom Long had a considerable account; that he made other advances to Long, and reduced the balance, and credited the residue on the execution at §41 76, but which should have been nine dollars less, as he has since discovered, by a mistake in favor of Long.
In an amended answer, he states that bis reason for suspending the executions, was that he did not wish to coerce the money from the securities of Long, hoping he would discharge it in carpenter’s work for James Morrison, who had extensive establishments, but that Long became intemperate, and measurably quit work. That Long was insolvent for many years before the judgment of Womack was received by him on account of Morrison, Roswell and Button,
Womack’s answer.
Decree of the circuit court.
Circumstances having indicated the appropriation designed by the payor, the creditor shall not apply it otherwise.
If the payor does not designate the demand on which he pays, it shall be applied by the creditor to a judgment bearing interest, and not an unliquidated account.
Wickliffe and Crittenden, for appellant; Combs for appellee.
Womack in bis answer, states he assigned the judgment, reserving the costs; that in summer 1820, he was informed by Long that he had that day paid the judgment; in a few weeks, he called on Scott, and informed him what Long had stated. Scott admitted Long had paid the money in his hands, but stated that he had drawn it out again and declined paying the costs; this statement is also contained in his deposition, read upon the hearing.
The court decreed a perpetual injunction.
Upon the depositions of the Elliotts and Womack, connected with the answer of Scott, and the stay of execution, this court is of opinion that Scott was not at liberty to consider the money received of Elliott on the account of Long, as undirected as to its application. The circumstances evince an arrangement for the application of Elliott’s note, when received to the judgment of Womack assigned to Scott and as inducing the suspension of the execution by Scott’s order.
But if the money received of Elliott, should be considered as paid to Scott, without any particular direction from Long as to its application, and supposing Scott to have made private advances on open account, as stated by way of avoidance, in his answer, (of which, however, there is no proof,) yet Scott would not be at liberty to apply the money to his open unliquidated account, and leave the judgment with its running interest, hanging over Long and his securities to be enforced at the pleasure of Scott. The rule in such cases of debts of an unequal bearing, consequences and burthen on the debt or who makes a payment, does not leave the creditor to apply the money to his open, unliquidated account, not pressing nor hearing interest, in preference to a judgment, bearing interest. The consideration which this rule received in the case of Bacon vs. Brown, 1 Bibb 335, renders farther comment unnecessary.
Decree affirmed, with costs.