## Case No. 8,777.

### McDOWELL v. BLACKSTONE CANAL CO.

[5 Mason, 11.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1827.

PAYMENT—SEVERAL CONTRACTS — ON ACCOUNT—
HOW APPLIED.

Advances made on account generally, for work done under several distinct contracts, some of which have not been completed, must be applied in the first place to the extinguishment of the amounts due on the contracts which have been completed, and not of those which have not been completed.

[Cited in Gass v. Stinson, Case No. 5,262.]
[Cited in Early v. Flannery, 47 Vt. 256.]

Assumpsit on several counts. (1.) On a special agreement for excavating and embanking sections Nos. 11 and 12 of the Blackstone canal, at 10 cents per cubic yard for excavation, &c. &c. (2.) For labour and services generally. (3.) For work and labour by a person as agent of the plaintiff [John McDowell]. There were several other counts, which the plaintiff discontinued before the trial. Plea, the general issue.

At the trial it appeared in evidence, that sundry sums of money had been advanced, from time to time, by the canal company to the plaintiff, for which he had given receipts, acknowledging the same to be advances on account generally. It also appeared in evidence, that the plaintiff had entered into several distinct contracts for the excavation &c. of several sections of the canal, in Nos. 11 and 12, and No. 14. The two former contracts had been completed; but No. 14 had never been completed by the plaintiff. The advances made exceeded the sums due for the contracts for the excavation &c. of Nos. 11 and 12, if they were applied to that purpose. The work on No. 14 was going on in connexion with the other work between December, 1825, and March, 1826, when part of the advances were made. No. 14 however was left by the workmen unfinished, and they abandoned the completion of that contract. The principal question was in what manner the payments by way of advance were to be applied.

Mr. Randall, for plaintiff.
Mr. Whipple, for defendants.

STORY, Circuit Justice. It is the opinion of the court, that the advances being made on general account, and being so stated in the receipts, are to be applied in the first place to extinguish the amounts due upon the contracts which have been completed, and upon which alone the plaintiff has entitled himself to receive payment. They therefore go to discharge the amounts due for the completion of the contracts for the excavation and embankment of sections Nos. 11 and 12. But the work and labour upon section No. 14 was done under an entirely new and distinct con-

---

[1] [Reported by William P. Mason, Esq.]

tract, and that contract has never been fulfilled by the plaintiff so as to entitle him to any payment. On the contrary, his workmen have abandoned the job and run away. The advances therefore cannot be applied by the plaintiff in part payment of this contract, though made between December, 1825, and March, 1826, while the whole work on all the sections, Nos. 11, 12 and 14, was going on, for the decisive reason, that no man has a right to apply advances to a contract, when he has no claim to any money as earned under that contract. The money advanced is more than sufficient to pay all that is due, under the contracts for sections Nos. 11 and 12; and therefore we think it must be so applied in point of law, and the plaintiff, not having sued on the contract for section No. 14, is not entitled to recover in this action. Indeed it appears, that No. 14 has been since finished by other persons, upon a new contract with the corporation, at an extraordinary expense.

The plaintiff submitted to a discontinuance.

McDOWELL (DONALDSON v.). See Case No. 3,985.

McDOWELL (GRISAR v.). See Case No. 5,832.

McDOWELL (LORILLARD v.). See Case No. 8,510.

McDOWELL (McCALL v.). See Case No. 8,673.

McDOWELL (UNITED STATES v.). See Case No. 15,671.

McDUEL (HARRINGTON v.). See Case No. 6,108.

McDUELL (UNITED STATES v.). See Case No 15,672.