## Seymour *against* Sexton.

Payments made generally on a bond, payable in instalments, without appropriation, at the time, to any particular instalments, will not be applied by law to such as are not then payable, but to such as are payable, according to the dates at which they respectively become so. Nor can such payments be *defalked* against instalments falling due afterwards, *after suit brought.* It is a question of *appropriation,* not of *set-off.*

It is to be presumed, in the absence of any actual appropriation, that a debtor paying money, intends to apply the payment to a debt then payable and bearing interest, rather than to one not payable and not bearing interest.

ERROR to the district court of *Crawford* county.

This was an action of debt upon bond, commenced in the common pleas of Crawford county, by —— Sexton against —— Seymour, whence it was removed, before trial, by *certiorari,* into the district court.

The bond was given on the 2d day of April 1836, in the sum of 2400 dollars, conditioned for the payment of 200 dollars, on the 1st day of July then next following, and the like sum of 200 dollars annually thereafter, on the 1st day of January, until 1200 dollars in all should be paid. The suit was brought in January 1837; and the breaches assigned were for the non-payment of the two instalments which fell due on the 1st of July 1836, and January 1837. On the trial of the cause, the plaintiff below produced and read the bond in evidence; after which the defendant read in evidence various endorsements made on the bond of payments, as follows, to wit: July 1, 1836, 53 dollars; November 11, 1836, 103 dollars; November 24, 1836, 15 dollars; and on December 31, 1836, an endorsement made, showing an assignment by Sexton to Cullum & Thorp of the balance due upon the bond; after which were read the following endorsements again made of payments on the bond, viz: January 31, 1838, 5 dollars; February 3, 1838, 42 dollars 62 cents; March 6, 1838, 25 dollars; April 10, 1838, 50 dollars; June 1, 1838, 100 dollars; June 5, 1838, 69 dollars 10 cents; July 9, 1838, 45 dollars 60 cents; August 4, 1838, 25 dollars; December 5, 1838, 60 dollars; April 20, 1839, 110 dollars; June 1, 1839, 10 dollars; August 6, 1839, 3 dollars; January 3, 1840, 15 dollars. The defendant also gave evidence showing, that the bond was given to secure the payment of the purchase-money, or a part thereof, of land bought by him of Sexton, and that the land was incumbered by judgments against Sexton, at the time the defendant bought, which the latter alleged still remained unpaid. The plaintiff then claimed to set off the instalments, which became due on the 1st of

January 1838 and 1839, against the payments made after the commencement of the suit. To this the defendant objected, but the court admitted it, and accordingly charged the jury to allow it in that way; to which the counsel for the defendant below excepted; and has assigned the same for error.

*Church*, for plaintiff in error, cited 1 *Vern.* 24, *ca.* 18; *Peake's Ca.* 64; 1 *Merriv.* 605; 12 *Serg. & Rawle* 304; *Chitty on Contr.* 280; 8 *Wend.* 417; 9 *Wheat.* 737; 1 *Har. & Johns.* 754.

*Farrelly* and *Riddle*, for defendant in error, referred to the act of 1836, *Parke & Johnson* 528, relating to bonds sued on, with conditions for the performance of collateral acts.

The opinion of the court was delivered by

KENNEDY, J.—The nature and application of set-off seem to have been misapprehended in the court below. Set-off is only applicable when the parties to the action have mutual and independent debts or claims, arising out of separate and distinct contracts against each other; which, therefore, could not be settled by set-off at common law, without the consent of both parties; but, in order to effect this without such consent, where a suit was brought by one against the other, and thereby prevent circuity of action, the defendant is now authorized by statute to liquidate, or satisfy the debt or claim of the plaintiff, by setting up his own claim against that of the plaintiff, and obtaining a credit for it, and by this means to satisfy the claim of the plaintiff; 1 *Rawle* 293; *Ballentine on Set-off* 1. If the defendant, therefore, claims the benefit of a set-off, he impliedly admits the existence of the plaintiff's claim, but desires that it may be extinguished by a set-off of the debt coming to himself from the plaintiff, against it. But if he asserts that he has actually paid the debt claimed by the plaintiff, then it is obvious, that instead of admitting the plaintiff's claim to be still in being, as in case of his claiming merely to have a set-off allowed him, he denies that the plaintiff has any claim at all against him. Seeing, then, that the defendant below did not set up or pretend to have any debt or claim against the plaintiff, no question of set-off could arise in the case. The defendant there merely claimed that the instalment due on the bond, at the time of bringing the action, had been paid, in part, before, and the residue after the commencement of it; and by the endorsements on the bond, which were not controverted, but admitted, he showed that he had actually paid, at different times, in discharge of the condition of the bond, an amount of money much more than sufficient to satisfy the two instalments for which the action was brought. But the plaintiff below contended, that the payments, though made on the bond, ought to be first appropriated to the payment of the instalments, which became payable in January of the

[Seymour v. Sexton.]

years 1838 and 1839. The question, therefore, raised on the trial in the court below, would seem to have been one of appropriation, and not of set-off. The money received by the plaintiff below was received by him as paid on the bond. Thus far, at least, an appropriation was made of the money so paid by the parties at the time of paying it. It was, therefore, paid and received on the bond generally, without any specific appropriation being made of it to any of the particular instalments. Then, as no specific appropriation was made by the parties of the money paid, to any particular instalments, it must be left to the law to make it. In doing so, the law will certainly not sanction or adopt a principle which would apply the money paid to instalments which had not become payable at the time of its being paid, because this would be giving the plaintiff the use of the defendant's money before he had any right to receive it on the claim to which it would be thus applied, and would cause the defendant at the same time to pay interest afterwards, upon the instalments or money which had become payable previously, and was therefore bearing interest until it should be paid. This would seem to have been the effect of the charge of the court to the jury in this case; or, at least, might in many cases produce it. Before the commencement of this action, 171 dollars were paid on the bond: and to apply this money to the instalments of 1838 and 1839, which did not become payable for a year and more after it was paid, would seem inevitably to produce the effect just mentioned; which would be the very height of injustice. The equitable and just rule in such case is, to apply the money towards the payment of the instalments that have become payable at the time, according to the priority of dates at which they respectively become so. This is just; because it must be presumed to have been so intended by the parties, or at least by the debtor and payer, at the times the payments were made; because it would be contrary to reason, and the motives which generally influence human action, to presume that a debtor, in paying money, intended to apply it to the discharge of a debt not bearing interest, and which had not at the time become payable, in preference to a debt which was bearing interest, and had become payable: nor would a creditor be permitted to claim that it should be so applied, without the express consent of the debtor. The court below, therefore, erred in their direction to the jury on this point.

Judgment reversed, and a *venire facias de novo* awarded.