John Early *v.* Edward Flannery, Albert T. Williams, and Thomas S. McGinniss.

[In Chancery.]

*Application of Payments.*

Payments made to a creditor holding demands both due and undue, without direction by the debtor as to their application, must, ordinarily, be first applied by the creditor upon the demands due.

Petition to foreclose a mortgage executed to the petitioner by one Henley, on April 20, 1865. The petition was answered, and

testimony taken. The defence was payment. At the September term, 1874, PIERPOINT, Chancellor, the petition was dismissed, *pro forma*, with costs, without hearing. Appeal by the petitioner. The case is stated in the opinion.

*L. F. Wilbur* and *E. J. Phelps*, for the petitioner.

The right of the petitioner to apply the payment on the Glynn notes, will not be denied, unless a different application was directed by the debtor. In the absence of any application, the law would apply the payments to the older and unsecured debt. *Briggs* v. *Williams*, 2 Vt. 283 ; 14 Vt. 83 ; *Pierce et als.* v. *Knight*, 31 Vt. 701 ; *Langdon & Ainsworth* v. *Bowen*, 46 Vt. 512.

*A. V. Spaulding* and *E. R. Hard*, for the defendants.

The person paying money has the right to direct such application of it as he sees fit. In order to entitle a debtor to a particular application of a payment, it is not necessary that he should have expressly directed such application ; but it is sufficient if his intention in respect to the application can be inferred from the circumstances. 2 Parsons Cont. 142 ; *Sawyer* v. *Tupper*, 14 N. H. 352, 356 ; *Shaw* v. *Picton*, 4 B. & C. 715 ; *Robinson* v. *Doolittle*, 12 Vt. 246 ; *Mayor &c.* v. *Patten*, 4 Cranch, 317, 321 ; *Dedham Bank* v. *Chickering*, 4 Pick. 314 ; Byles Bills (6th ed.), 225.

Although where the debtor makes no application of a payment, the creditor has the option of applying it upon any legal debt he holds against the debtor of which the debtor is cognizant at the time of the payment, such application by the creditor does not become complete and effectual until the debtor has notice of it. *Simson* v. *Ingham*, 2 B. & C. 65 ; *Sawyer* v. *Tupper, supra*.

To render the election of the creditor as to the application of a payment, effectual to any extent, his election must be made and completed (including notice to the debtor) before any controversy arises between them in respect to the application. *United States* v. *Kirkpatrick*, 9 Wheat. 720, 737 ; *Robinson* v. *Doolittle, supra*. And the burthen of proving such election and appropriation is on the petitioner.

If no application of a payment is made by the debtor nor the creditor, before a controversy respecting it arises, the law will make such application of it as will be most beneficial to the debtor. *Robinson* v. *Doolittle, supra; Pattison* v. *Hull,* 9 Cow. 747, & *note; Emery* v. *Tichout,* 13 Vt. 19, per BENNETT, J.; The Antarctic, 1 Sprague, 206, 209.

The creditor cannot appropriate a payment to a debt not due, without an agreement to that effect with the debtor. *Shaw* v. *Pratt,* 22 Pick. 305.

The opinion of the court was delivered by

ROYCE, J. The facts which we find from the bill, answers, and evidence, are, that at the time Henley executed the notes described in the bill, the orator paid him as the consideration for said notes, $780, and agreed to pay him $220 more within a short time thereafter; but instead of paying said last-mentioned sum, it was agreed between Early and Henley that Early should indorse that amount on the note that would first fall due. Early made the indorsement, leaving $30 which would be due on that note, with the interest on the same, on the 20th of April, 1866. About the 1st of February, 1866, the orator purchased four negotiable notes for $200 each of one John Glynn, which were given by Henley on the 10th of April, 1865. The first of said notes was made payable on or before the 1st day of May, 1866, and the rest were payable yearly thereafter. The orator gave Henley notice that he owned said notes soon after he purchased them. On the 7th day of July, 1866, Henley paid the orator $600, and gave him no directions as to where it should be applied, except "to give him credit for it." On the 10th day of March, 1867, Henley paid the orator $200, without giving any direction as to its application. The orator indorsed the whole of the money thus paid by Henley, upon the Glynn notes, which were unsecured. The interest on the three last notes described in the petition, and $30 of the principal of the first note, and the interest on the same, was due on the 20th of April 1866. The question presented is, whether the orator had the right to apply the payments made, upon demands he held against Henley, though unsecured, that

were not then due, to the exclusion of those that he held that were due. The general rule, that in the absence of any directions made by a debtor as to the application to be made of payments made by him, the right devolves upon the creditor to make such application, has been so far qualified as to require that such an application should be made as the debtor could not reasonably or justly object to ; and in the absence of any express directions by the debtor, whenever, from the facts and circumstances, his intention is rendered sufficiently clear and certain, such application should be made as he intended. We think it is clear that the debtor intended that the payments should be so applied as to extinguish any right of action that the creditor had against him at the time they were made, and that he could reasonably and justly object to any other application. When a debtor makes payments to a creditor without directing the application to be made of them, and the creditor holds claims against him, some of which are due at the time the payments are made, and others are not due, the creditor, ordinarily, must first apply such payments upon the claims which are due. *Bacon* v. *Brown,* 1 Bibb, 324 ; *McDowell* v. *Canal Co.* 5 Mason, 11 ; *Seymour* v. *Sexon,* 10 Watts, 255 ; *Clony* v. *Richardson,* 34 Mo. 370. The orator should have so applied the payments, before making any application of them upon the Glynn notes.

The *pro forma* decree of the court of chancery dismissing the bill, is reversed, and cause remanded, with mandate that a decree be entered for orator for the amount which may be found to be due on the three last notes described in his bill, with annual interest to be computed on the same since the 20th of April, 1866.