No. 8227.

BROWN *v.* SHIRK.

MORTGAGE.—*Foreclosure.*—*Purchase-Money.*—*False Representations.*—*Verdict.*—*Damages for Mortgagor.*—*Application of.*—*Notes Due and Not Due.*—Where, in an action to foreclose a mortgage to secure notes for purchase-money due and to become due, a verdict was returned for plaintiff and damages allowed defendant on answers of false representations and set-off, and the court, on plaintiff's motion, without objection, looked behind the verdict to ascertain how much was, and how much was not, due, and applied all, or nearly all, of defendant's damages to the notes not due, the judgment was erroneous.

SAME.—*Application of Credits.*—In such case, the defendant had a right to apply the damages found due to him; and, if the application devolved upon the court, it should have applied the amount to the discharge of the amount due the plaintiff.

Brown *v.* Shirk.

CREDITS, APPLICATION OF.—*General Payments.*—General payments are always applied on sums due, rather than sums not due.

From the Howard Circuit Court.

*D. Moss* and *J. O'Brien,* for appellant.

*N. R. Linsday, M. Bell, M. McDowell, H. J. Shirk* and *J. Mitchell,* for appellee.

MORRIS, C.—This suit is brought to foreclose a mortgage, given to secure ten promissory notes. The complaint is in three paragraphs. The first states that, on the 12th day of February, 1876, the appellant executed his note to the appellee for three hundred dollars, with ten per cent. interest; that, at the same time, he executed a mortgage on one hundred and sixty acres of land, situate in Tipton county, to secure the same and nine other notes, executed by the appellant to the appellee. The second paragraph states that the appellant executed to the appellee nine notes, on the 12th day of February, 1876, due in two, three, four, five, six, seven, eight, nine and ten years, respectively, from date, the last of said notes calling for $379.77, and each of the others for $300, all bearing interest at the rate of ten per cent. per annum, payable annually, and with attorney's fees; that said notes, including the one mentioned in the first paragraph of the complaint, were given for the purchase-money of the land mentioned in the mortgage given to secure them, as stated in the first paragraph; that there was due on each note interest for one year, amounting in all to $277.97. Copies of the notes and mortgage are filed with the complaint. It is averred that the mortgaged premises can not be divided without injury to the parties. The third paragraph is like the second, except that the facts are stated in greater detail.

The suit was commenced in Tipton county, and taken by change of venue to Howard county. The appellant answered in three paragraphs: 1st, the general denial; 2d, that the

notes were given for land situate in the State of Arkansas, conveyed by the appellee to the appellant; that the latter was ignorant of the quality, situation and condition of said Arkansas land; that the appellee, to induce him to buy the land, made various false representations in regard to its situation and condition; that he relied upon such representations, and made the purchase; that the representations were false, and that he was thereby greatly deceived and damaged. The third paragraph alleged a set-off of some four hundred dollars.

The appellee replied to the second and third paragraphs of the answer by a general denial.

The cause was submitted to a jury, who returned a general verdict, in these words: "We, the jury, find for the plaintiff, and assess his damages at forty-one hundred and forty-one dollars and seventy-seven cents, less one thousand six hundred and twenty-five dollars, on the second paragraph of the answer, and seventy-one dollars and twenty-five cents on the third paragraph of the answer."

The appellant moved the court for a new trial, for the following reasons:

1st. Because the verdict was not sustained by the evidence;

2d. Because the damages were excessive;

3d. Because the court erred in the instructions given to the jury;

4th. Because the court erred in refusing to give certain instructions asked by the appellant;

5th. In refusing to suppress certain depositions.

The motion for a new trial was overruled.

The appellee moved the court for judgment, as follows: "Elbert Shirk v. Benjamin F. Brown.

"The plaintiff moves the court for judgment upon the verdict of the jury as follows, to wit: $1,037.71, now due; $135.37, due February 15th, 1880; $135.37, due February,

1881 ; $135.37, due February 15th, 1882 ; $135.37, due February 15th, 1883 ; $135.37, due February 15th, 1884 ; $135.37, due February 15th, 1885, and $215.16, due February 15th, 1886. The amount now due to bear ten per cent. interest ; all the notes to become due to bear ten per cent. interest from this date, payable annually ; all without relief from appraisement law, and a foreclosure of the mortgage.

"SHIRK, MITCHELL ET AL., for plaintiff."

The record then proceeds as follows :

"And the court being well advised of said motion sustains the same, to which ruling the defendant excepts and objects ; and on motion the court now renders judgment against said defendant.

"It is considered, adjudged and decreed by the court, that the plaintiff recover of said defendant said sum of $1,037$\frac{71}{100}$ now due, without relief from valuation laws, with interest at ten per cent. per annum from the date hereof. And the further sum of $135.37, due February 15th, 1880; and the further sum of $135.37, due February 15th, 1881; and the further sum of $135.37, due February 15th, 1882; and the further sum of $135.37, due February 15th, 1884; and the further sum of $135.37, due February 15th, 1885; and the further sum of $215.16, due February 15th, 1886, with interest at ten per cent. per annum from the date of rendition on each of said sums respectively. And that he also have judgment of foreclosure of said mortgage executed by the defendant, Benjamin F. Brown, to the plaintiff, on the 12th day of February, 1876, on the following real estate : The northwest quarter of section 36, in township 22 north, of range 5 east, containing one hundred and sixty acres, more or less, all without relief from valuation laws ; and that said real estate, or so much thereof as may be necessary, be sold by the sheriff of Tipton county, as lands are sold on execution, without relief from valuation laws, and that the proceeds of said sale be applied to the payment of the costs of

this suit, and then to the satisfaction of the amount of said judgment, and accrued interest then due; and if there remain an overplus the same shall be applied on the judgments not due in the order in which the same become due; and if there remains a surplus after paying all of said sums with interest and costs, the same shall be paid to the clerk of this court, subject to the further order of the court, and if said real estate shall not sell for a sum sufficient to pay and satisfy said judgments, interest and all costs in the cause, the amount so remaining shall be levied of any other goods, chattels, lands and tenements of said defendant, subject to execution. And it is further ordered by the court, that a copy of this decree, issued by the clerk of this court, under the seal thereof, shall be sufficient authority to said sheriff to make said sale, to all of which said defendant at the time excepts and objects."

The errors assigned are:

First. The overruling of the motion for a new trial.

Second. The rendition of judgment in favor of the appellee.

It is obvious, that, at the time the verdict was found and the judgment rendered, April 5th, 1879, the sum of the notes due, and to become due, including interest and attorney's fees upon the whole, could not have exceeded the sum which the jury found in favor of the appellee, $4,141.77. If the verdict is to be construed as finding this sum as then due, it is clearly and palpably in defiance of the evidence, and it should be set aside for that reason. But if it shall be construed as finding the amount due and to become due, it is very nearly correct. The court below obviously so understood it. Treating the verdict as a finding of the amount due and to become due the appellee, and as sufficient in that respect, and the finding in favor of the appellant for the sum of $1,696.25, there would be a balance to become due the appellee of $2,465.52. If the amount thus found due

the appellant should have been applied in payment of the amount *then* due the appellee, it became necessary for the court to find, what the jury had not found, the amount then due him. So, too, if the court adjudged that the amount due the appellant should be applied in payment of the notes not due to the appellee, it would have to look to the evidence, not to the verdict, to ascertain what was due, and how much was not due. This the court seems to have done without objection from either of the parties.

The only question which we shall examine is as to the application of the $1,696.25, found due from the appellee to the appellant. The court below must have applied it all, or nearly all, to the payment of the notes not due.

We think the amount found due the appellant should have been applied to the amount found to be due the appellee, and not to the payment of what was not due. To apply it in payment of the sums not due, would be to compel the appellant to pay a debt before it was due. This the court had no right to do. *Skelton* v. *Ward*, 51 Ind. 46. The appellant had a right to have the amount due him applied in payment of the amount due the appellee. It was for him to apply the damages found due to him. If the application devolved upon the court, it should have applied it to the discharge of the amount due the appellee. It would be in the nature of an application of a general payment by the court. Such payments are always referred to a sum due, rather than to one not due. *Seymour* v. *Sexton*, 10 Watts, 255 ; *Bacon* v. *Brown*, 1 Bibb, 334 ; *Stone* v. *Seymour*, 15 Wend. 19 ; *Baker* v. *Stackpoole*, 9 Cow. 420.

We think the court erred in applying the amount found due the appellant to the sums not due the appellee, and that for this error the judgment below should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee.