## DAVIS F. APPLEGATE ET AL. V. DAVID S. KOONS.

*Appropriation of Payments by Creditor.*—A creditor cannot, at his discretion, appropriate payments made by his debtor after a controversy has arisen concerning such payments. Payments thus made will be applied by a court according to the recognized rules of law governing the application of unappropriated payments.

Filed June 23, 1881.

Appeal from Clark Circuit Court.

Opinion of the court by Mr. Justice Niblack.

The leading facts of this case may be stated as follows:

David S. Koons became treasurer of Clark county on the 5th day of September, 1871, and continued in office for two terms, his second term ending on the 5th day of September, 1875.

On the 22d day of March, 1872, he appointed Aaron Applegate his deputy for Jeffersonville township, and took from the said Applegate a bond, in the penal sum of five thousand dollars, conditioned for the faithful discharge of his duties as such deputy, and the prompt payment over of all moneys collected by him by virtue of his appointment. This bond was also signed by Davis F. Applegate as surety for the said Aaron, and for his accommodation only.

Aaron Appelegate continued to act as deputy treasurer under such appointment during Koons' first term, collecting and paying over divers sums of money from time to time. He was also continued in the position of deputy treasurer by Koons during his second term, until December, 1874, but under precisely what circumstances is not shown.

During the year 1875, Koons claiming that the said Aaron Applegate had not paid over all the money collected by him as deputy

treasurer during his, the said Koons', first term, commenced this action against him and the said Davis F. Applegate on the bond given by them as above stated.

The court, which tried the cause without a jury, found for the plaintiff, assessing his damages at $4,121.92, and over a motion for a new trial gave judgment against the defendants for that sum.

It is urged here that the verdict was not sustained by sufficient evidence, and that the damages were excessive.

We have no brief from the appellee, and hence, no argument in support of the proceedings below.

From what we have before us there seems not to have been very much disagreement as to the various sums of money charged to have been collected, or claimed to have been paid over by Aaron Applegate.

The principal contest appears to have been as to the proper appropriation of certain payments made by Applegate after the commencement of this suit.

The appellants maintain that a creditor cannot, at his discretion, appropriate payments made by his debtor after a controversy has arisen concerning such payments, and we think that doctrine is sustained by the authorities. *The United States* v. *Kilpatrick*, 9 Wheat. 720; *Robinson* v. *Doolittle*, 12 Vt. 246; *Milliken* v. *Tufts*, 31 Me. 497; *Marryotts* v. *White*, 2 Starkie, 91; *Fairchild* v. *Holly*, 10 Conn. 175.

Payments thus made will be applied by the court according to the recognized rules of law governing the application of unappropriated payments. Greenleaf on Evidence, vol. 2, section 529, *et sequitur*; Waits' Actions and Defenses, vol. 7, 418.

An examination of the evidence leads us to the conclusion that the court at the trial recognized the right of the appellee to make application of the payments made as above after this action was commenced, and that, as a result from the recognition of that right, the damages assessed were excessive.

The judgment is reversed, with costs, and the cause remanded for a new trial.

Howk, J., having been of counsel, was absent.

John M. Stotsenburg, for appellants.