## NIXON ET AL. v. COLVERT.

[No. 3,174. Filed May 18, 1900.]

CHATTEL MORTGAGES.—*Growing Wheat.*—*Delivery to Mortgagee.*— *Payment.*—*Application.*—B. executed to N. a chattel mortgage on his growing wheat to secure the payment of a certain note. Before the wheat matured B. sold to N. the wheat so mortgaged, and N. advanced to B. some money on such sale. Later this contract for the sale of the wheat was mutually abandoned. Thereafter, when the wheat had been harvested, C., not having any knowledge of the advancements made by N. to B., purchased 104 bushels of the wheat, and N. purchased the remainder the proceeds of which were more than enough to satisfy his claim under the mortgage. At the time of the delivery to N., no application was made of the proceeds by either party. *Held*, that N. was not thereafter entitled to apply the proceeds of the wheat on the advances and then sue C. for the wheat delivered to him.

From the Fountain Circuit Court. *Affirmed.*

*C. R. Milford,* for appellants.
*I. E. Schoonover,* for appellee.

ROBINSON, J.—In December, 1897, John R. Bartlett executed to appellants a chattel mortgage, which was duly recorded, upon some growing wheat, to secure notes for $109.13. There was due on these notes August 11, 1898, $114.93. In March, 1898, Bartlett, in writing, sold to appellants his wheat crop, as described in the mortgage, and also his crop of oats; and at the same time it was agreed that appellants would furnish Bartlett from time to time money and goods, and for such advances appellants were to be repaid out of the first wheat delivered by Bartlett under the contract, and appellants did furnish Bartlett,

under the agreement, with money and goods to the amount of $120.05. On May 18, 1898, the contract for the sale of the wheat was mutually abandoned. On July 30, 1898, Bartlett sold and delivered 104 bushels of the wheat to appellee, who paid him in full for the same at that time; appellee having no knowledge of any contract for the purchase of the wheat from Bartlett by appellants, or of any advances made by them. After the wheat was harvested, Bartlett orally agreed with appellants to sell and deliver to them his entire crop at sixty-eight cents per bushel, and under this contract he delivered to them 491 bushels and forty pounds, the last of which delivery was prior to July 12, 1898. At the time of the sale and delivery of the wheat to appellants, no application was made by either party of the proceeds to any account. On August 11, 1898, a settlement was had between appellants and Bartlett for the wheat so purchased, and in this settlement, after paying a prior mortgage to one Connell, there remained of the proceeds of the sale $146.50; and by agreement between Bartlett and appellants $120.05 was applied in payment of the advances made, and $26.45 was applied to the satisfaction of the mortgage indebtedness. Demand was made upon appellee, before suit, for the 104 bushels, or its market value, both of which were refused. Upon these facts, the court stated a conclusion of law in appellee's favor.

The general rule is that a debtor has the right to direct the application of payments made, and, if he omits to direct such application, the creditor may apply the payments to such debts due him as he chooses, and he may apply the payments to the debt with the least security unless equity requires a different appropriation. After a controversy has arisen concerning payments, a creditor can not, at his discretion, appropriate payments, but the court will make such appropriation as equity requires. In such cases the intention of the debtor will govern, and such intention may

be shown by acts or circumstances. If the creditor is a mortgagee, and receives money from the sale of property covered by the mortgage, he must apply it to the extinguishment of the mortgage debt without any direction to that effect from the debtor. If neither the debtor nor the creditor makes a specific appropriation, the law will apply the payment according to its own notion of the intrinsic equity and justice of the case. If the parties agree as to the manner of appropriating payments, such agreement must be observed, unless some controlling equity has intervened. *Conduitt* v. *Ryan*, 3 Ind. App. 1; *Wipperman* v. *Hardy*, 17 Ind. App. 142; *Applegate* v. *Koons*, 74 Ind. 247; *Tapper* v. *New Home, etc., Co.*, 22 Ind. App. 313; *McCauley* v. *Holtz*, 62 Ind. 205; *Brown* v. *Shirk*, 75 Ind. 266; *Montague* v. *Stelts*, 37 S. C. 200, 15 S. E. 968, 34 Am. St. 736; *Webster* v. *Singley*, 53 Ala. 208, 25 Am. Rep. 609; *Tennant* v. *Stoney*, 1 Rich. Eq. 222, 44 Am. Dec. 213; *Sanders* v. *Knox*, 57 Ala. 80; *Ogden* v. *Harrison*, 56 Miss. 743; *Hughes* v. *Johnson*, 38 Ark. 285; *Ellis* v. *Mason*, 32 S. C. 277, 10 S. E. 1069; *Frazier* v. *Lanahan*, 71 Md. 131, 17 Atl. 940, 17 Am. St. 516; *Willis* v. *McIntyre*, 70 Tex. 34, 7 S. W. 594, 8 Am. St. 574.

The court found that the written contract by which Bartlett sold the wheat to appellants was mutually abandoned. The parol agreement made at that time—that, for advances, appellants should be repaid out of the first wheat delivered under the contract,—was necessarily abandoned, also. The parol agreement to make a certain application of the proceeds of the wheat when delivered could not be made effective after the contract to deliver was abandoned. It is true, Bartlett afterwards sold the wheat to appellants, and delivered a certain quantity,—more than sufficient to pay the mortgage debt,—but there is no finding that any agreement was made as to the application of the money. On the other hand, it is expressly found that at the time of such sale and delivery no application was made by either

party of the proceeds to any account. Subsequently there was a settlement between Bartlett and appellants, and it was agreed that the advances should be first paid, and the balance applied on the mortgage; but this was after appellee had purchased and paid for the wheat he had bought, without knowledge of any contract between Bartlett and appellants and of the advances. As there had been no appropriation of the payment prior to the intervening of appellee's interests, as between appellants and appellee, the proceeds of the sale of the mortgaged property in the hands of the mortgagee must be applied upon the mortgage debt. Upon the facts found, the conclusion of law was clearly right.

Judgment affirmed.