## Louis Heintz, Appellant, *v.* Aaron Cahn *et al.*, Appellees.

### ERROR TO COOK.

A plea of the general issue, verified by affidavit, does not put the copartnership of the plaintiffs in issue.

Where the name of a guarantor is upon a note when it ‸ delivered to the payees, without notice of any objection by the guarantor, ‸ ny limitation by him, the blank can be filled so as to make him generally ‸ cially liable.

The proof of consideration to the makers of the note, ‸ mised security, is proof of consideration to the guarantor.

A creditor has a right, unless otherwise directed, to app‸ d to him on a demand due, rather than on one not due. pa'

This was an action of assumpsit against the appellant, as the guarantor of a promissory note, signed by William Muller and F. Kusowsky, and given to the appellees by the name of

A. Cahn & Co. The appellant pleaded the general issue, which he verified.

Cause was heard by MANNIERE, Judge, without the intervention of a jury.

The court found for Cahn & Co., and gave them a judgment for $230.50. A motion for a new trial was overruled, and thereupon Heintz appealed.

Plaintiffs first introduced the note and indorsements then thereon; and upon defendants admitting that the signatures to the note were in the proper handwriting of F. Kusowsky and William Muller, such note was read in evidence; and defendant also admitted that the name, "Louis Heintz," written on the back of said note, was in the handwriting of defendant, but denied that he ever made and executed such guaranty as was written over the same, or had any consideration therefor; and such writing on the back was read in evidence.

Copy of the note and guaranty:

$219 98-100.                                   CHICAGO, Decemb. 8th, 1859.

Six months after date we promise to pay to the order of A. Cahn & Co., two hundred nineteen 98-100 dollars, at ——. Value received.

WM. MULLER.
F. KUSOWSKY.

Indorsed:

I hereby guarantee the payment of the within note at maturity.
Received, May 23rd, $8 65-100.                          LOUIS HEINTZ.

It appeared that Muller and Kusowsky had an agreement with the appellees, by which they were to have a credit, from time to time, to the extent of $200, and on this credit divers sums were paid the appellees by them, after the note had been given, and before it was due. Muller and Kusowsky agreed with & Co. to give surety for the payment of the first p of goods.

A. GARRISON, for Appellant.

There was no proof that plaintiffs were the persons to whom the note was made payable—no proof who composed the firm of A. Cahn & Co. *Woodworth* v. *Fuller*, 24 Ill. 109.

The fact of partnership was expressly put in issue by the plea of general issue sworn to.

The appellant, by signing his name in blank on the back of the note, at the request of the makers, and without any consideration, did limit his liability to that of an assignor or indorser, under our statute, and the plaintiff had no right or authority to write over his name or charge him as a guarantor of payment at maturity. 3 Scam. 437, 497; 13 Ill. 682; 2 Hill R. 80; 21 Ill. 636.

"The written guaranty not expressing a consideration, is void." 2 Comst. 553.

A guaranty of payment indorsed on a note, though given at the time the note was made, is not a promissory note; it is a special promise for the debtor of another, and to be valid must express the consideration. 5 Denio, 484.

GOOKINS, THOMAS & ROBERTS, for Appellees.

The presumption is, that the name was indorsed at the time of the execution of the note. *Camden* v. *McCoy*, 3 Scam. 437; *Carroll* v. *Weld*, 13 Ill. 684.

This being the fact, no consideration was necessary, other than the consideration of the note itself. *Josyln* v. *Collinson*, 26 Ill. 61; *Carroll* v. *Weld*, 13 Ill. 682; *Klein* v. *Currier*, 14 Ill. 237.

That the plaintiff below had full authority to write the words of guaranty over defendant's signature, needs not many references to Illinois decisions to show. In *Klein* v. *Currier*, 14 Ill. 237, the words were written at the time of the trial.

As to the appellant's point, "that the written guaranty not expressing a consideration is void," we r⬛⬛ as conclusive that the reverse is the law, to *Harwood* ⬛⬛sted, 20 Ill. 373; *De Wolf* v. *Raband*, 1 Peters, 501; ⬛⬛ v. *Richardson*, 17 Mass. 122.

Where the original agreement is, that sureties shall sign, that is a sufficient consideration. *Harwood* v. *Kiersted*, 20 Ill. 373.

WALKER, J.   Defendant below filed the plea of *non-assumpsit*, verified by affidavit.   On the trial, no evidence was introduced, of who composed the firm of A. Cahn & Co., the payees of the note.   This presents the question, whether the plea of the general issue, verified by affidavit, puts that question in issue.   The seventh section of the act regulating evidence has provided, that on the trial, upon contracts where the action is brought by partners or joint payees or obligees, it shall not be necessary, to maintain his action, for the plaintiff to prove the copartnership of the individuals named, or to prove the christian or surnames of such partners, but provides that the party may plead in abatement as heretofore, or prove on the trial, that more persons have been made plaintiffs, or that more persons ought to have been made plaintiffs, or that the christian or surnames are different from those stated in the declaration.   The plea of the general issue does not put the partnership in issue, nor does its being verified by affidavit produce that effect.

The evidence clearly shows, that the makers were partners, and the partnership of appellees not having been denied by plea in abatement, and no proof showing that more parties should have been made plaintiffs, or more were made plaintiffs than should have been, no objection is perceived to their maintaining their action.

It was also urged on the argument, that the indorsement by the guarantor having been made after the note was executed, that to render him liable, a consideration for his guaranty should have been averred and proved.  Barnard Cahn testifies, that the indorsement was written on the note at the time the note was made, whilst the makers state that it was indorsed in blank, but all agree, that the guarantor's name appeared on the note when it was first delivered to the payees. The makers also say that appellant refused to sign it as security, but said he would so sign it, as he would not have to pay it, unless it could not be collected of the makers.   But it appears, appellees had no notice that he made this declaration. The note was delivered to them executed, without any explanation.   And as the makers had promised to furnish security,

the payees had a right to suppose that he had executed the indorsement, even if it was in blank, in the capacity of a general and not as a special guarantor. His name being found upon the note at the time of its delivery, and not being payee, he could not be assignor, but must be presumed to have intended to become primarily, and not remotely liable, unless he had so expressly limited his undertaking. The appellees had the right to fill up the indorsement, as a general and not a special guaranty, if it came to them in blank, not having notice that the design was that it should only be special. So that it can make no difference whether the guaranty was or was not written when it was signed.

There was an abundance of evidence to show, that there was a consideration to support the note. The guarantor having signed it to accommodate the makers, and before it was delivered, he cannot be heard to insist that he received no consideration. His becoming a party, was a part of the original transaction, and the consideration received by the makers, was proof of the consideration to support the guaranty. The agreement, by the makers, that they would furnish security for the purchase, formed an inducement for appellees to part with the goods. And had appellant refused to indorse the note, the probability is that they would not have been permitted to retain them without payment or other security. To permit the appellant to escape liability now, because he received no part of the goods for which the note was given, or because he was not paid for indorsing the note, would work manifest injustice to the payees.

It is again urged, that the appellees gave time after the maturity of the note for its payment, and thereby released the guarantor. One of the makers testifies, that he paid bills that were made after the note was given and before its maturity. That when such payments were made, he offered to apply the money towards paying the note, but appellee insisted that it should be applied to the account, and said that the note might run a year. He states, that the accounts were due when paid. Barnard Cahn says, he heard of no offer to pay the money on the note, although he gave receipts for the

money paid on the accounts. Being clerk, and giving the receipts, it is probable that he would have heard it, if such an offer had been made.

But, admitting that the offer was made, still the note was not due, whilst the accounts were, and unless otherwise directed, the creditor had a right to appropriate the money on the claim that was due, rather than to one which was not. But it does not seem, that the maker insisted upon its application to the payment of the note. He did not so direct, and until it was due, the guarantor could have no right to complain that the money was not applied to the note. If the account had not been due, it would perhaps have made a difference. But it being due, appellees had a right to insist upon its payment, and it was the duty of the debtor to pay it, and in doing so no wrong was done to appellant. Nor do we perceive, from this evidence, that it establishes a valid and binding agreement for an extension of time for the payment of the note. The money was not paid upon the account to procure the extension, nor do we perceive that any consideration was paid for an extension of time. If the promise was made, it was without consideration, and not binding.

The judgment of the court below must be affirmed.

*Judgment affirmed.*