CLONEY CRAWFORD & Co., Plaintiffs in Error, *v.* ALLEN P. RICHARDSON, Defendant in Error.

*Payments—Application.*—Payments made by a debtor are to be applied to debts due at the time of payment, rather than to those not due, unless he otherwise direct.

### Error to Cole Circuit Court.

*H. C. Ewing* and *J. L. Smith*, for plaintiffs in error.

*E. B. Ewing*, for defendant in error.

BATES, Judge, delivered the opinion of the court.

The plaintiffs, who were partners in business, sued the defendant upon a promissory note. The defendant admitted the execution of the note, and pleaded as a set-off that the

plaintiffs were indebted to him for money had and received by them from William M. Belt, to and for the use of the defendant.

The plaintiffs replied denying such indebtedness. There was verdict and judgment for the defendant, and the plaintiffs bring the case to this court. From the evidence it appeared that Belt was indebted to the defendant and one of the plaintiffs (Price) jointly in several promissory notes, one of which was also due; and that being at Washington City, he telegraphed to Price and Richardson at Jefferson City, Missouri, to draw on him for a specified sum of money (which was about the sum of the two notes then due, one to Richardson and the other to Price and Richardson), and that Price and Richardson did draw on him for the sum named, which was paid, and the same was received by the plaintiffs, who paid Richardson one-half thereof, though Richardson claimed more, upon the ground that the money should be applied to the payment of the two notes then due (one to himself alone, and one to himself and Price jointly). It does not appear that Belt gave any direction as to how the money should be divided before its receipt by the plaintiffs; but immediately thereafter he did direct that it should be applied first to the payment of the matured note, to Price and Richardson jointly, and the remainder should be paid to Richardson.

The court instructed the jury, substantially, that the defendant was entitled to his set-off, if it was Belt's intention that the money should be applied to the payment of the two matured notes, and that such intention might be ascertained from the circumstances attending the transaction, in the absence of a positive direction previous to the receipt of the money. We see no objection to these instructions. As the plaintiffs had received the money, and, instead of paying it to Price and Richardson in one sum, had undertaken to divide it, and to apportion to each one his share of it, they were bound to apportion it correctly in accordance with Belt's intentions and as matter of fact. Belt's intention that

the money should be applied to the payment of the notes then due (rather than to the part payment of those due, and part payment of others not due), for which purpose there was just about enough, appears so probable, that at least the plaintiffs should have made no other apportionment of the money without his express direction.

The objection to Belt's deposition was properly overruled. Much of the matter in it was pertinent to the issues. It was not requisite that the defendant's whole case should be proved by that single deposition.

The articles of co-partnership of the plaintiffs were properly excluded. The defendant was not affected by the private contract of the plaintiffs among themselves.

Judgment affirmed. Judge Bay concurs.

Judge Dryden did not sit in the cause.