November 13, 1876.     Reformed and rendered.

---

### F. L. LOWERY v. JAMES DICKSON.

(No. ——, Op. Book No. 1, p. 163.)

APPEAL from Smith County.   Opinion by WINKLER, J.

§ **497.** *Payments; rules governing application of.*   A debtor who owes his creditor money on distinct accounts may direct his payments to be applied to either, as he pleases.   If the debtor makes no such appropriation, the creditor may apply the money as he pleases.   If neither party makes a specific appropriation of the money, the

law will appropriate it as the justice and equity of the case may require.  The debtor must make the appropriation at the time he makes the payment.  When the debtor does not make any specific appropriation at the time of payment, the creditor may make the appropriation at any time before bringing suit upon the debt. When the creditor has made the appropriation he is not allowed to change it as his interest or convenience may suggest.  [2 Greenl. Ev. § 529; 2 Parsons on Con. 629; Taylor v. Coleman, 20 Tex. 777; Stanley v. Westrop, 16 Tex. 205; 14 Cal. 446; Matossy v. Frosh, 9 Tex. 612.] These rules apply, although one of the debts be due on specialty and the other on simple contract.  [2 Parsons on Con. 629.]  And where A. owes B. a debt secured by mortgage, and another for which there is no security, and A. makes a payment to B. without directing its application, B. may well apply it to the debt for which he has no collateral security.  [Burks v. Albert, 4 J. J. Marshall, 97.]  But the creditor cannot prefer a debt not due to one due or overdue.  [36 Ala. 482; 29 Ill. 308; 34 Mo. 370.]  This case was not decided in the court below in accordance with the above stated principles involved in it.

November 13, 1876.        Reversed and remanded.