THE MISSOURI CENTRAL LUMBER COMPANY, Appellant, v. STEWART BROTHERS et al., Respondents.

### Kansas City Court of Appeals, February 6, 1899.

**Payments:** APPLICATION OF: DEBTOR AND CREDITOR: CERTAIN AND CONTINGENT DEBT. Where there are two or more debts owing by one party to another, a payment should be applied according to directions of the debtor; or, on his failure to direct, the creditor may direct; and on the failure of both, the law will direct. On the facts in this case it is held:

(1) That at the time of certain payments made to a lumber company by a contractor, the latter only owed the former for lumber furnished for a certain building, as the company's agent and not the company was the surety of the contractor and he therefore owed the company nothing on that account.

(2) That at the time of said payments the security debt was not due and the payment could not be applied on it.

(3) That the payments were applicable on the lumber account because the company so applied them on its books which were competent evidence to show the intention of the company.

(4) As between certain debts and contingent liabilities the law applies payments to the former and not to the latter.

*Appeal from the Pettis Circuit Court.*—HON. G. F. LONGAN, Judge.

AFFIRMED.

H. T. WILLIAMS for appellant.

(1) The payments made by the debtor, Stewart, to plaintiffs, and for which Hoffman contends that Stewart ought to have credit as for materials, were not directed by Stewart at the time he made them nor thereafter to be applied in any particular manner. It follows inevitably then, that plaintiffs may declare the application at any time

up to and at the trial. 1 Am. Lead. Cases [5 Ed.], pp. 344, 345 to 347; Mayor v. Patten, 4 Cranch, 317 to 321; Brady's Administration v. ·Hill, 1 Mo. 317. That during that time plaintiff may make such application as suits its interests or convenience—even to unsecured, not due or unlawful obligation. 1 Am. Lead. Cases [5 Ed.], pp. 343, 344; 1 Mo. 317, *supra;* Bank v. Riggs, 72 Mo. App. 239. (2) Plaintiff's private uncommunicated book entries, of which neither the contractor nor owner had or sought any information; which neither of them had directed, nor upon which either of them had ever acted, can not be taken as an appropriation of the $1,000 in question to pay for materials already secured by a mechanic's lien, as against a claim unsecured. 2 Barn. & Cres. 65; Simpson v. Ingham, 26 Rev. Reps. 273; 1 Am. Lead. Cases [5 Ed.], p. 346. (3) Plaintiff is bound only by the account as first rendered by it, and upon which itemized statement plaintiff filed its lien and brought its suit. 2 Barnwell & Cresswell, 65; Simpson v. Ingham, *supra,* which case specifically decides this point. 1 Am. Lead. Cases, p. 346; Mayor v. Patten, 4 Cranch, 317-321; Philpott v. Jones, 2 Adolphus & Ellis, 41. (4) The law looks to and intends the ultimate discharge of all just obligations due or not due—secured or not secured, contingent or vested. That being true, it favors the discharge of the least secure first. Hence, it is the established policy of the law to prefer the creditors' interest in questions of application of payments. 1 Am. Leading Cases [5 Ed.], 348, at star page 284 et seq., and pp. 362, 363; Price v. Merritt, 55 Mo. App. 645; Gantner v. Kemper, 58 Mo. 567; Ridge v. Loan Co., 56 Mo. App. 155; Brady's Administration v. Hill, 1 Mo. 317. (5) It is the settled law of Missouri to favor application of payments to nonlienable and unsecured obligations. (6) The right to control the application of moneys paid by Stewart Brothers to the plaintiff rests exclusively with said parties. Hoffman is neither a debtor nor a creditor in such

transactions, hence has no right to an application for his special benefit. 18 Am. and Eng. Ency. of Law, p. 244, par. 5 and note; 2 Am. and Eng. Ency of Law [2 Ed.], p. 469, VI. Poulson v. Collier, 18 Mo. App. 583; Goetz v. Piel, 26 Mo. App. 642; Shortridge v. Pardee, 2 Mo. App. 363. (7) After money is paid without direction from the debtor, then the creditor controls the time and manner of application. 2 Am. and Eng. Ency. of Law [2 Ed.], p. 437, par. 2 and note 2; Id. p. 445, note 4; p. 446, note 2; Shaw v. Prat, 22 Pick. 305 at 308; authorities cited in points 1 and 5, *supra*.

BARNETT & BARNETT for respondents.

(1) At the time the three payments in question were made and entered upon the books of the lumber company there was no debt in favor of Waddell or Zimmerman, by reason of their having signed the $1,000 note to the bank as securities for Stewart Brothers, as nothing had been paid thereon by said sureties, and in fact said note was not even due. There is no debt in favor of a surety against a principal until the surety has paid the note or obligation or some part thereof. Huse v. Ames, 104 Mo. 91, 101, and authorities there cited. (2) Where there is no application by the debtor, and the application is made by the creditor, he must apply the payment to a debt that is due in preference to one not due. 18 Am. and Eng. Ency. of Law [1 Ed.], pp. 238 and 239, and authorities there cited; Cloney v. Richardson, 34 Mo. 370; 2 Am. and Eng. Ency. of Law [2 Ed.], p. 441, and authorities there cited. And it can not be made to a debt arising subsequent to the payment and not ascertained at the time of payment. Law v. Sutherland, 5 Gratt. (Va.) 357; 2 Am. and Eng. Ency. of Law [2 Ed.], p. 441, and authorities there cited. (3) Where the creditor credits the money on an open account it will be held that he intended to apply it to the earliest items of the account, even though

those were the only ones secured, and notwithstanding they were barred by the statutes of limitations. Hill v. Robbins, 22 Mich. 475; Van Rensselaer v. Pratt, 105 Mass. 255. (4) The entry upon the books at the time the payments were made as credits upon the Hoffman building account, is such an application and appropriation by the lumber company as to be binding upon it. Frazer v. Bunn, 8 Car. & P. 704. The plaintiff having once made the application of the payments by entering them on its books to the credit of the Hoffman building account, such application is conclusive and binding upon the plaintiff, and such credits can not afterwards be shifted for the purpose of confining them to unsecured liabilities. McMaster v. Merick, 41 Mich. 505; 18 Am. and Eng. Ency. of Law [1 Ed.], pp. 243 and·244; Lane v. Jones, 79 Ala. 156; Treadwell v. Moore, 34 Me. 112; Harding v. Wormley, 8 Baxt. (Tenn.) 578; 2 Am. and Eng. Ency. of Law [2 Ed.], p. 471, and authorities there cited. The application by the creditor need not be communicated in order to be effectual. Addison on Contracts [8 Ed.], 820; Johnson v. Thomas, 77 Ala. 369; Truscott v. King, 6 N. Y. 147.

GILL, J.—In the latter part of 1892 the defendants, Stewart Brothers, undertook to erect for defendant Hoffman a large building in Sedalia. They purchased the necessary lumber from the plaintiff corporation. This is a suit to enforce a mechanic's lien against Hoffman's building for an alleged balance of $2,023.13. The Stewarts made no defense, but Hoffman contests the lien upon the ground STATEMENT. that the lumber account for his building, so furnished by the plaintiff, is entitled to several credits aggregating $1,000; this because of three payments made by Stewart Brothers to plaintiff, to wit: September 7, 1892, $250, September 26, 1892, $500, and October 17, 1892, $250. The real controversy at the trial, was as to

whether or not the Hoffman building account should be credited with these several payments.

The case was referred and the referee found in favor of the plaintiff, disallowing the payments. But the court sustained Hoffman's exceptions to the referee's report, and the cause then being submitted on said report and evidence taken by the referee, judgment was entered allowing said payments, and thereupon plaintiff appealed.

No instructions being asked or given, we are called on to decide whether or not the judgment of the lower court should be sustained on the evidence contained in the record.

Stewart Brothers were building contractors at Sedalia and ordinarily purchased their lumber from the plaintiff, the latter keeping a separate account for each building. It seems that when the Stewarts undertook the Hoffman contract they were in need of ready money, and to aid them, Waddell and Zimmerman, plaintiff's managing officers, went their security on a note for $1,000 to a Sedalia bank, whereby the Stewarts were enabled to raise that amount of money. This note was dated September 1, 1892, was due in ninety days, and was renewed several times, until May, 1894, when said sureties paid it off—Stewarts having in the meantime become insolvent. In this suit plaintiff claims the right to apply the payments before mentioned (made in September and October, 1892) to the satisfaction of this $1,000 which Waddell and Zimmerman had been forced to pay on the Stew- Brothers' note on which they were securities.

At the trial plaintiff's ledger and cash book (the latter being the book of original entries) were introduced, and there it appeared that when the three payments were made (to wit: September 7, 26, and October 17, 1892) the respective amounts were entered in both books to the credit of "Stewart Bros. Hoffman Building." In this ledger account (Stewart Brothers' account of Hoffman building) there were charged on the left hand page the various items of lumber that were

furnished and went into the Hoffman building, and on the right side appeared the credits or payments on account of said Hoffman building. These charges and credits too were kept separate from other building accounts run in the name of the Stewarts. The three credits in dispute were the first payments made, and are followed on the ledger by numerous other payments in like manner made by Stewart Brothers. It seems also that these three disputed items of credit came from money paid by Hoffman to the Stewarts.

The question is now, should this plaintiff be permitted to take away these three payments entered on its books to the credit of the Hoffman building account, and appropriate the same to the satisfaction of Stewart Brothers' liability to Waddell and Zimmerman arising from their payment of the $1,000 note on which they (said Waddell and Zimmerman) were securities. The trial court has correctly answered this in the negative.

The rule on the application of payments is well settled. When there are two or more debts owing by one party to another a payment shall be applied to the one or the other according to the direction of the debtor. If, however, the debtor at the time fails to elect to which claim the payment shall apply then the creditor may make the application. If both fail, then the law will direct how such payment shall be applied.

PAYMENTS: application of: debtor and creditor: certain and contingent debt.

Plaintiff can not be allowed to appropriate the payments in question to the purpose attempted, under any view of the foregoing rule. In the first place, at the time these payments were made, two separate debts did not exist between plaintiff and the Stewart Brothers. The latter owed the plaintiff for lumber that went into the Hoffman house, but were not indebted to it on account of the note. This is so for two reasons: first, because the plaintiff corporation was not a party to the note as security or otherwise; and second, if it had been, the security had not then paid the debt and there

was not then anything owing by the debtor to the security. Indeed the proof shows that the security debt did not mature until some time after the payments in dispute were made. It is well settled law that until the security pay the debt or a part thereof he has no claim against the principal obligor. If then Stewart Brothers were at the time of said payments indebted to plaintiff on the *lumber* account only, then such payments must be treated as intended for that account. We have then no occasion to consider the rule relating to the application of payments where there are two or more debts.

But even should we concede that when these payments were made, Stewart Brothers stood indebted to plaintiff both on account of the lumber and on account of the note, and further that Stewart Brothers failed to elect upon which said payments should apply, even then plaintiff's contention can not be upheld, for the evidence overwhelmingly shows that the creditor saw proper to, and did apply the payments to the lumber account. The books of account (kept in the most solemn manner by plaintiff's officers) 'clearly evince an intention at the time to devote this $1,000 as a partial payment on the lumber account. We have read with care the evidence adduced at the trial and can come to no other conclusion. At all events this was manifestly the holding of the trial judge and we are authorized to defer to his finding. The account books of the creditor, though not conclusive, are competent evidence to show the appropriation intended. Van Rensselaer v. Roberts, 5 Denio (N. Y.), 470. At most, plaintiff's testimony would only tend to prove that the officers of the plaintiff corporation intended to hold these payments to reimburse themselves for any liability they might incur by reason of having indorsed the note of Stewart Brothers. Their liability then was only contingent; and of course any claim on that account against Stewart Brothers was dependent on a future event—that is whether or not the principal on the note should default and the securities be compelled to pay. In a case of that kind the law will apply the

payment to the admitted debt rather than to one pending on a future contingency. In Parsons on Contracts, volume 2, page 632, it is said: "If one of the debtor's liabilities be contingent, as where the creditor is his indorser or surety, but has not yet paid money for him, the court will apply a general payment to the certain debt, and will not permit the creditor to apply it to the contingent debt." See, also, 2 Whar. Cont., sec. 931; Cloney v. Richardson, 34 Mo. 370; Niagara Bank v. Roosevelt, 9 Cow. 409. "It is not competent," says the opinion in last case, "for a creditor who has one existing debt, to apply money received generally to extinguish his liability as indorser on a note which he may or may not be compelled to pay. If the maker takes up the note there is an end to the liability."

The judgment is for the right party and will be affirmed. All concur.