In re STACY, WOLF HAT CO., Inc.

Appeal of ZUCKERT.

No. 52.

Circuit Court of Appeals, Second Circuit.

Nov. 14, 1938.

Sidney H. Reich, of White Plains, N. Y., for appellant.

Raphael A. Egan, of Newburgh, N. Y., for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Stacy, Wolf Hat Co., Inc., was adjudicated a bankrupt upon an involuntary petition filed on September 30, 1936. The present litigation involves the validity of a chattel mortgage in favor of the appellee, Herman Goldstein, dated August 10, 1936, and covering property which was sold by the trustee in bankruptcy, the appellant, under a stipulation that the lien of the mortgage, if valid, should attach to the proceeds of sale. A recital of the circumstances under which the Goldstein mortgage was executed must begin with a prior chattel mortgage to one Di Marco. On January 31, 1935, the bankrupt gave to Di Marco a chattel mortgage for $5,000 to secure an antecedent indebtedness of some $8,800 for goods purchased from Di Marco on credit. Thereafter dealings between the parties continued, the bankrupt buying additional goods on credit and making payments on account without specifying to what debts they should be allocated. Such payments during February, March and April, 1935, aggregated more than the debt existing on January 31, 1933, but at no time did the bankrupt's indebtedness on the running account fall below $4,500, the amount Di Marco claimed to be due under his mortgage when he purported to sell it to Nathan Yacknowitz, as hereafter described, on August 10, 1936. In the meantime Di Marco had refiled his mortgage as required by the law of New York, and was pressing the bankrupt for payment thereof. On August 10, 1936, Di Marco sold his mortgage to Nathan Yacknowitz by means of a rather curious transaction. Yacknowitz delivered two notes for $1,750 each payable to the order of the bankrupt which the payee forthwith endorsed and delivered to Di Marco. The Di Marco mortgage was discharged, and a new mortgage covering the same property and securing notes payable monthly and totaling $4,500, was delivered by the bankrupt to Goldstein, the nominee of Yacknowitz. In addition, the bankrupt gave to Di Marco notes totaling $500. Thus Di Marco sold his $4,500 mortgage to Yacknowitz for $3,500, and the bankrupt and Di Marco split the $1,000 "cut". All the parties considered the transaction as equivalent to an assignment to Yacknowitz of the Di Marco mortgage, as indeed it was. The purpose of having a new mortgage instead of a formal assignment of the Di Marco mortgage was to incorporate new terms of payment, including permission to the bankrupt to make payment in hats. One payment of $375 was made upon the Goldstein mortgage prior to the adjudication of bankruptcy. The order appealed from held the mortgage valid to the extent of $3,125 and directed payment of this sum to the appellee.

It is the contention of the trustee in bankruptcy that the Di Marco mortgage had been paid prior to its assignment to Yacknowitz so that he purchased only an unsecured claim against the bankrupt, and that the Goldstein mortgage could not create a valid lien independent of the assignment because the bankrupt received no new consideration for its execution and was then insolvent to the knowledge of Yacknowitz.

The contention regarding payment of the Di Marco mortgage relies upon the familiar rule that if a debtor does not specify how his payment is to be applied, the creditor may apply it as he pleases, and, if neither party makes any specific application, the presumption is that the oldest debt is to be first paid. Allen v. Culver, 3 Denio, N.Y., 284, 290; National Park Bank of New York v. Seaboard Bank, 114 N.Y. 28, 35, 20 N.E. 632, 11 Am.St.Rep. 612; Carson v. Federal Reserve Bank, 254 N.Y. 218, 232, 172 N.E. 475, 70 A.L.R. 435; United States v. Kirkpatrick, 9 Wheat. 720, 737, 6 L.Ed. 199; Am. L. Inst., Contracts, sec. 387. The appellant points to Di Marco's books as proof that Di Marco did apply the bankrupt's payments to the mortgage debt. It is true that there are notations on the face of Di Marco's ledger which indicate that some one in figuring monthly balances had deducted the February, March and April 1935 payments from the January 1935 balance, although no evidence indicates who made the notations or that they ever came to the attention of Di Marco. But, even if he had authorized such entries, there is respectable authority that they would not be conclusive evidence of an irrevocable application unless communicated to the debtor. See Am. L. Inst., Contracts, § 391; Williston, Contracts, 1938 ed., § 1799; Allen v. Culver, 3 Denio, N.Y., 284, 291; Simpson v. Ingham, 2 B. & C. 65; Scott & Peden v. Elliott, 1926, 2 Dom.L.R. 504; Fatland v. Wentworth & Irwin, Inc., 149 Or. 277, 40 P.2d 68, 97 A.L.R. 339; Wait v. Homestead Building Ass'n, 81 W.Va. 702, 95 S.E. 203, 206, 21 A.L.R. 696; Lau v. Blomberg, 3 Neb., Unof., 124, 91 N.W.

206, 209; Missouri Central Lumber Co. v. Stewart Bros., 78 Mo.App. 456, 462. There is no suggestion in the record at bar that the entries in Di Marco's books were ever communicated to the bankrupt. In the absence of any controlling decision to the contrary, we shall accept the statement of Allen v. Culver, supra, as representing the New York law. We hold, therefore, that the book entries if made with Di Marco's authority, were not an irrevocable application of the payments. Long before the present controversy arose, he indicated an intention to revoke any such application; he refiled the mortgage and began to press his debtor for payment of the $4,500 which he claimed to be due under it; and the debtor conceded this sum to be due thereunder, consented to its assignment to Yacknowitz and executed the new mortgage to Goldstein to take the place of the old Di Marco mortgage. Such conduct is cogent evidence that both parties considered the payments to have been applied to the unsecured items of the running account, not to extinguishment of the mortgage debt. We think the referee's finding that the Di Marco mortgage was unpaid to the extent of $4,500 when the sale to Yacknowitz took place, must be sustained. Accordingly the Goldstein mortgage created a valid lien.

The appellee urges that in that event he is entitled to $4,125 instead of the smaller sum awarded him. But since he did not appeal, he cannot be awarded more. Spencer v. Lowe, 8 Cir., 198 F. 961, 967.

Order affirmed.