## PRICE v. ARCHULETA.

CONTESTED ELECTION—BURDEN OF PROOF.—In a contested election case the burden of proof is upon the contestor to sustain by a preponderance of the evidence the material averments of his petition.

*Original Contest Proceeding.*

Messrs. REESE & McCLOSKEY, Mr. ADAIR WILSON and Messrs. PENCE & PENCE, for contestor.

Messrs. RUSSELL & McCLOSKEY, for contestee.

PER CURIAM. Barzillai Price and J. M. Archuleta were opposing candidates for the office of county judge of Archuleta county at the general election in November, 1889. The official canvass showed that Archuleta had received 125 votes, and that Price had received 119 votes. Price instituted this proceeding to contest the election.

Several grounds of contest are stated in the petition of contestor. Among other things, it is alleged that the actual number of votes cast at election precinct number two in said county was 53, but through malconduct, fraud and corruption on the part of the judges and clerks of said election precinct, the poll books and tally sheets were changed so as to show that 63 votes were cast, and that of these 63 votes the contestee received 51 and the contestor only two. It is further alleged that 39 of these votes so cast, or reported to be cast in said precinct, were illegal, and that sufficient illegal votes were received in said precinct to change the result of the election.

It is further alleged that sufficient illegal votes were received at the polls of precinct number four to change the result of the election; that the whole number of votes received in said precinct was 21, and that of this number the contestor received four, and the contestee 17; and that of the 21 votes so received, 12 were illegal. The petition also alleges illegal registration in said precincts numbers two and four.

The answer of contestee traverses the several grounds of contest alleged in the petition, and, as a counter statement, alleges that certain illegal votes were cast in favor of the contestor in precinct number one of said county.

As the witnesses in this case, on both sides, resided more than three hundred miles from Denver, the testimony, by stipulation of counsel, was taken before certain justices of the peace in Archuleta county. After much delay, and not until this term of the court, was the case submitted for final determination upon such testimony as had been thus taken. Counsel having declined to argue the case orally, we have taken up the case for consideration and decision within two days after the filing of the last brief.

An examination of the testimony as taken and filed shows that nearly thirty different persons in all (about an equal number on each side) testified as witnesses in this case. On the side of contestee, several of the witnesses were his family relatives and employees. On the side of contestor, it appears that several of the witnesses were his political friends who had been candidates with him upon the same party ticket at the same election for county officers, and had recently had election contests involving the same questions at issue in this case which they had successfully prosecuted before the contestor Price sitting as county judge.

The conflict of evidence is irreconcilable. The several witnesses on the opposing sides have flatly and unequivocally contradicted each other upon the several material matters in issue. It would serve no practical or useful purpose to discuss the testimony at length in this opinion; on the

score of *animus* there is nothing in the record upon which to found a distinction between the witnesses; and without seeing or hearing them testify we are unable to say which of them are the more reliable. The burden of proof is upon contestor to sustain by a preponderance of the evidence the material averments of his petition. Upon the whole evidence, with our opportunities for judging of its weight, we cannot say that the issue in behalf of the contestor has been sustained. Judgment must accordingly be rendered in favor of the contestee.

*Judgment for contestee.*