## HARRIS v. PALMER.

No. 412.   Opinion Filed March 8, 1910.

(108 Pac. 385.)

1.   **APPEAL AND ERROR—Review—Discretion of Court—Order of Proof.** The order of proof is largely a matter of discretion with the trial court, and hence evidence which is properly a part of plaintiff's case in chief may be permitted to be introduced out of its regular order, or the court in the exercise of a sound discretion may reopen a case for the introduction of relevant and material evidence, after both parties have rested; and, in the absence of a showing of surprise or prejudice or an abuse of discretion, such action will not be subject to reversal.

2.   **ELECTIONS—Contest—Presumptions and Burden of Proof.** Where an election is held by duly appointed officers, the presumption is that the votes received and counted by them are legal, and the burden is on the party attacking the same to show their illegality.

3.   **SAME—Exposure of Ballot,** In a contest over an election, where three separate and distinct ballots are cast, a party seeking to secure the rejection of any one of such ballots by reason of an alleged violation of section 5, art. 1, c. 17, Sess. Laws Okla., 1905.

because of an intentional exposure of his ballot on the part of the elector. the attacking party will be required to show that the identical ballot which he seeks to have excluded was the one exposed.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; Malcolm E. Rosser, Judge.*

Action by T. R. Palmer against W. R. Harris. Judgment for plaintiff, and defendant brings error. Affirmed.

*Carl Pursel (J. E. Wyand* and *S. M. Rutherford,* of counsel), for plaintiff in error.

*Chas. A. Cook* and *A. A. Davidson,* for defendant in error. —On discretion of court as to order of proof: *Hannem v. Pence,* 40 Minn. 127; *Graham & Co. v. Davis & Co.,* 4 Ohio St. 362; *Stephens v. Union Assurance Society,* 16 Utah, 23; *West v. Cameron,* 39 Kan. 736; *Peterson v. Wood, etc., Co.,* 97 Iowa, 148. On presumptions and burden of proof in election contests: *Stackpole v. Hallahan,* 28 L. R. A. 506; *State v. Saxon,* 32 Am. St. Rep. 46.

DUNN, C. J. This case presents error from the district court of Muskogee county, and grows out of a contest over the office of county commissioner of the first commissioner's district of that county. On a trial to the court judgment was rendered finding that the plaintiff was entitled to the office. A motion for new trial was duly filed and overruled, to which exception was saved, and the case has been brought to this court for review.

Two questions are presented for our consideration. First, it is contended that the court erred in overruling the objection of defendant to the introduction of testimony of plaintiff in rebuttal which did not in any way controvert or tend to controvert or rebut the evidence theretofore introduced by the defendant, and which in effect permitted plaintiff to reopen his case after he had rested, and introduced an entirely new line of testimony. There is no showing made that defendant was taken by surprise, or that he lacked a full opportunity to meet in every particular the evidence so admitted, nor is there any showing that he was in any

way prejudiced by the introduction of this evidence. The evidence tendered was in support of facts of which both parties had notice by the averments of the pleadings. The order of proof is largely a matter of discretion with the trial court, and hence evidence which is properly a part of plaintiff's case in chief may be permitted to be introduced out of its regular order, or the court in the exercise of a sound discretion may reopen the case for the introduction of relevant and material evidence. after both parties have rested; and, in the absence of a showing of surprise or prejudice or an abuse of discretion, such action will not be subject to reversal. *Hennem v. Pence,* 40 Minn. 127, 41 N. W. 657, 12 Am. St. Rep. 717; *Stephens v. Union Assurance Society,* 16 Utah, 23, 50 Pac. 626, 67 Am. St. Rep. 595; *Graham & Co. v. Davis & Co.,* 4 Ohio St. 362, 62 Am. Dec. 285; *West v. Cameron,* 39 Kan. 736, 18 Pac. 894.

In the case of *West v. Cameron, supra,* the Supreme Court of Kansas on this proposition, said:

"The opening of a case for the purpose of receiving further evidence, after the case has been tried, but before any decision has been rendered therein, and the continuance of the case for such evidence, and the receiving of the same, are all within the judicial discretion of the court. * * *"

The second proposition to which our attention is directed by counsel arises out of the following facts: The evidence shows that, at the election at which the parties to this action were candidates, three different and separate ballots were furnished the electors and cast; that on several occasions two or more voters were together in one booth; that on one occasion an elector, after having marked his ballots, brought them to one of the election officials, and asked him if he had voted right; that on numerous other occasions electors came from the booths with their ballots unfolded and exposed, so that those in the room were able to detect how some of them were marked. There is, however, no evidence in the record showing that the specific ballot on which the names of the county candidates for the different county offices were printed was exposed, nor is there

any definite evidence showing that all of the ballots were exposed in any instance, or that any one in the room was able to and did detect how any elector voted on any county office. To exclude these ballots defendant invokes the provisions of section 5, c. 17, p. 234, Sess. Laws Okla. 1905, which reads in part as follows:

"If any elector shall intentionally expose his ballot or any part thereof to any person so as to disclose to him any of the candidates voted for or how said ticket has been stamped (except in cases where the ballot has been made out·by the clerks as provided in section 44), such ballot shall not be deposited in the ballot box. A minute of such occurrence shall be noted on the poll lists and such person shall not be permitted to vote at said election. * * *"

Under the foregoing statute counsel for the defendant contend in this court that the mere exposure of the ballots as above set forth, without definitely stating or fixing with precision that the ballot for county officials upon which the names of these parties were printed was exposed, was sufficient to require the exclusion of a sufficient number to give defendant the office. In this we cannot concur. The rule seems to be as stated in the contest election case of *Harry White,* 4 Pa. Dist. R. 363, that:

"The presumption is in favor of the legality of the vote, and the burden is on the attacking party to show, either that the voter lacked some qualification of an elector, or had lost his right to vote at that election by failure to observe some positive requirement of the law, or had forfeited his right to vote by giving or receiving a bribe."

This rule finds support in practically all of the authorities. See 10 Am. & Eng. Ency. of Law, p. 838; 10 Cyc. 416; *Whipley v. McKune,* 12 Cal. 352; *Taylor v. Taylor,* 10 Minn. 107 (Gil. 81); *Boyer v. Teague,* 106 N. C. 576, 11 S. E. 665, 19 Am. St. Rep. 547; *Price v. Archuleta,* 17 Colo. 288, 29 Pac. 460; *Gumm v. Hubbard,* 97 Mo. 311, 11 S. W. 61, 10 Am. St. Rep. 312.

The purpose of the act is to make certain the secrecy of the ballot, and to require its rejection where this is violated. It is

sought to have the county ballots rejected because of this alleged exposure. The trial court found the evidence insufficient, and we are not able to say it erred; hence the judgment must be affirmed.

All the Justices concur.