## D'YARMETT v. COBE.

No. 4033.   Opinion Filed August 3, 1915.

Rehearing Denied September 14, 1915.

(151 Pac. 589.)

1. **PAYMENT — Application — Application by Debtor.** Generally, where a creditor holds more than one claim against a debtor, the latter, on making a payment, may direct its application to any one or more of such claims.

2. **SAME—Application by Creditor.** A creditor may not, against the will of his debtor, apply a payment on a debt not due to the exclusion of the one due or past due.

3. **TRIAL—Trial by Court—Demurrer to Evidence.** Where, on the trial of an action at law, all the issues are submitted to the court without the intervention of a jury, and a demurrer to the evidence is passed upon and sustained, unless it affirmatively appears from the record that the trial court treated the cause as one finally submitted for its determination, and, upon considering and weighing all the evidence, found that the demurrant should prevail, the correctness of the decision sustaining such demurrer must be tested by the general rule that a demurrer admits all the facts which the evidence tends to establish, as well as every fair and reasonable inference to be drawn therefrom.

(Syllabus by Bleakmore, C.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by Ira M. Cobe against E. C. D'Yarmett. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*J. V. Cabell,* for plaintiff in error.

*Ledbetter, Stuart & Bell,* for defendant in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Oklahoma county on April 6, 1911, by the defendant in error, as plaintiff, against the plaintiff in error, as defendant. The parties will be referred to as they appeared in the trial court.

In the petition it is alleged, in substance, that on the 16th day of August, 1909, defendant executed a certain promissory note in writing in the sum of $6,600, due on demand, with interest at the rate of 8 per cent. per annum, payable to his own order, and on the same day indorsed the same in blank and transferred and delivered it to the Columbia Bank & Trust Company; that plaintiff was the owner and holder of said note, having acquired the same for a valuable consideration; that after allowing certain credits there was due and owing upon said note the sum of $2,041.50, with interest from December 2, 1910, at the rate of 8 per cent. per annum.

The defendant answered, admitting the execution and transfer of said note to the Columbia Bank & Trust Company, and alleging that the plaintiff acquired the same after maturity, from the Bank Commissioner of the State of Oklahoma, into whose possession the same had passed upon the failure of the Columbia Bank & Trust Company, on September 28, 1909, subject to all equities and defenses. Defendant also alleged that on or about June 1, 1909, he executed to said Columbia Bank & Trust Company his promissory note in the sum of $2,060, with interest at the rate of 8 per cent. per annum, payable six months from date, the consideration for which was never received and wholly failed, and that on July 29, 1909, defendant executed his promissory note, due on demand, payable to his

order, with interest at the rate of 8 per cent. per annum, in the sum of $2,504, and on said date indorsed and delivered the same to the Columbia Bank & Trust Company; that at the time of the failure of the said Columbia Bank & Trust Company he had on deposit therein subject to his check or order the sum of $2,575.43; that without authority of defendant the Bank Commissioner wrongfully applied said deposit to the payment of said note of $2,060, the consideration of which had failed and which was not due; that defendant had made a number of payments and secured credit upon his indebtedness to the Columbia Bank & Trust Company in an amount more than sufficient to pay the note in suit, etc.

Plaintiff replied, alleging, in substance, that the application of the deposit of $2,575.43, was made by the Bank Commissioner with the consent of defendant; that after the same was made defendant was notified thereof and consented thereto and ratified the same; and that defendant was not entitled to any credits on the note in suit other than those set forth in the petition, etc.

The cause was submitted to the court without a jury. Defendant admitted the execution of the note and assumed the burden of proving the defense alleged. At the conclusion of the evidence offered by defendant the court sustained a demurrer thereto and rendered judgment for plaintiff. It appeared by the evidence: That at the time of the failure of the Columbia Bank & Trust Company there came into the possession of the Bank Commissioner notes of defendant as follows: Demand note for $6,600 (the note in suit) ; demand note for $3,504; note for $2,060, of date June 1, 1909, and due six months thereafter. That there was on deposit in said bank and trust company to the credit of defendant the sum of $2,575.43. That the Bank

Commissioner refused to honor the check of defendant for said amount, but applied the same, without the knowledge or consent of defendant, first to the payment of the note for $2,060, and then upon another demand note. That upon learning of the application of said sum to the payment and cancellation of said $2,060 note defendant complained to the Bank Commissioner, arguing that such payment should have been applied on the demand notes, as he claimed a defense to said $2,060 note. The Bank Commissioner refused to make the application of the payment as desired by defendant, and thereafter the note in suit was acquired by plaintiff. That after its acquisition plaintiff demanded payment, and defendant paid thereon the sum of $250, claiming, however, that he had a valid defense to said note. Defendant also wrote to the holder of said note, inclosing a letter from the Bank Commissioner with regard to the balance due upon his entire indebtedness to the Columbia Bank & Trust Company, and, referring to such letter, he stated: "The balance of $1,976.72 as shown in this letter agreed with my books."

Defendant urges here that the court erred in sustaining a demurrer to the evidence and rendering judgment thereon. He contends: (1) That the application of his deposit of $2,575.43, without his consent, in payment of the note of $2,060, not then due, was beyond the power of the Bank Commissioner, and not binding upon him; (2) that upon his making known to the Bank Commissioner his desire that said deposit should be applied to the payment of his demand notes, it was the duty of said Bank Commissioner to so apply the same.

In *Carson et al. v. Cook County Liquor Co.*, 37 Okla. 12, 130 Pac. 303, Ann. Cas. 1915B, 695, it is said:

"The general rule is that, when a creditor holds more than one claim against his debtor, the latter, on making a payment, has the right to direct upon which debt it shall be credited, and it is only where no direction is given that the creditor can make the application; that, where a direction by the debtor to apply payments exists at the time the payments are made, it is the duty of the creditor to so apply them."

This doctrine is supported by the citation of a multitude of authorities.

While a creditor holding more than one claim against a debtor may apply a voluntary payment made by such debtor without specific appropriation to whichever debt he chooses, yet the rule is also well established that the creditor may not apply such payment on a debt not due to the exclusion of one due or overdue. 30 Cyc. 1237; *Early v. Flannery,* 47 Vt. 253; *Bobe's Heirs v. Stickney,* 36 Ala. 482; *Parks v. Ingram,* 22 N. H. 283, 55 Am. Dec. 153; *Bacon v. Brown,* 1 Bibb. (4 Ky.) 334, 4 Am. Dec. 640; *Missouri Cent. L. Co. v. Stewart,* 78 Mo. App. 456. It has also been held that a creditor is not authorized to apply payments at his will where the debtor has had no opportunity to direct the application. *Dennis v. Jones,* 31 Miss. 606. The Bank Commissioner had no more power in this regard than the bank would have been authorized to exercise had it been the creditor at the time of the application of the deposit. That the Bank Commissioner took possession of the money of defendant, and, without his knowledge, applied it to the payment of an unmatured note, to the exclusion of other notes of defendant then due, is not denied. That when he learned of such application of his deposit, defendant protested and indicated his desire to have the same applied to the payment of his two demand notes, which were partially satisfied by subsequent credits

by the Bank Commissioner (one of them being the note in suit) against which he claimed no defense, is amply supported by the evidence. It is also clear that had such deposit been applied as directed by defendant his liability upon said notes would have been extinguished. The evidence upon the issue tendered by the reply as to whether or not the defendant had ratified the application of the payments as made by the Bank Commissioner is not so clear and convincing that we can say, as a matter of law, that the same were in fact ratified.

Generally, in passing upon a demurrer to the evidence the court must consider as true every portion thereof tending to prove the case of the party resisting the demurrer, and cannot weigh conflicting evidence. *Conklin v. Yates,* 16 Okla. 266, 83 Pac. 910; *Edmisson v. Drumm-Flato Com. Co.,* 13 Okla. 440, 73 Pac. 958; *Clark et al. v. O'Toole et al.,* 20 Okla. 319, 94 Pac. 550; *Cole v. M., K. & T. R. Co.,* 20 Okla. 227, 94 Pac. 540, 15 L. R. A. (N. S.) 268; *Ziska v. Ziska et al.,* 20 Okla. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 1; *Shawnee Light & Power Co. v. Sears,* 21 Okla. 13, 95 Pac. 449; *Lyon v. Lyon,* 39 Okla. 111, 134 Pac. 650; *Porter v. Wilson et al.,* 39 Okla. 500, 135 Pac. 732; *Crow v. Crow,* 40 Okla. 455, 139 Pac. 122; *Wm. Cameron & Co. v. Henderson,* 40 Okla. 648, 140 Pac. 404.

It was held by this court in *Porter v. Wilson et al.,* 39 Okla. 500, 135 Pac. 732:

"In the trial of a law action all of the issues, both of fact and law, were submitted to the court without the intervention of a jury. At the conclusion of plaintiff's testimony, and after she had rested her case, defendants demurred to the evidence, and at the same time requested the court to render judgment in their favor as prayed for in their answer, in which affirmative relief was asked. The court sustained the demurrer, made special findings of fact, and

rendered a decree in favor of the defendants. *Held,* that, while the judgment of the court sustained the demurrer, yet, having made special findings of fact, it was obvious that the court weighed the plaintiff's testimony for the purpose of determining the rights of the respective parties, and, the whole case being before the court, and there being evidence reasonably tending to support the court's findings, no reversible error was committed."

In *Lyon v. Lyon, supra,* it was held in the syllabus:

"A demurrer to evidence is not expressly authorized by section 4165, St. Okla. 1893 (section 5002, Rev. Laws 1910), in cases tried to the court without a jury, and in such cases the court, in the exercise of sound discretion, may decline to pass upon such demurrer; but, if such demurrer is passed upon and sustained or overruled, such action by the court must be tested by the same rules that obtain in jury cases, unless, in the event the demurrer is sustained, it affirmatively appears that the court afterwards weighed all the evidence as upon final submission, and so gave judgment upon the evidence."

In the body of the opinion it is said:

"If a judgment sustaining a demurrer may be tested by a rule giving it the effect of a final submission of the case to the jury, as against the demurree, and without involving any admissions in favor of the demurree, it may occur that on review in this court the same could and would be sustained upon the view that upon weighing the evidence its probative effect might have been found insufficient, while, in fact, the demurrer was sustained because of total want of evidence tending to prove some fact, aside from the gist of the case, erroneously or otherwise deemed by the trial court to be essential, and it appears that the opportunity for such mishaps should not, without good reason, be allowed to occur at so early a stage of the trial, and before demurrant is ready to take the risk of a final and unconditional submission of the case, although the same may unavoidably occur upon the final submission. In any event, the correctness of an order or judgment sustaining

a demurrer to the evidence in cases tried to the court without a jury should be tested by the rule that the demurrer admits all the facts the evidence tends to prove and every reasonable inference deducible therefrom in favor of the demurree, and also operates as a withdrawal of any evidence in favor of the demurrant, unless it affirmatively appears from the record that the judge did, in fact, weigh the evidence as upon final submission, and base his judgment for the demurrant upon lack of probative effect, or absence of evidence, upon the gist of the demurree's contention."

The rule deducible from the foregoing cases seems to be that, unless it appears affirmatively from the record that the trial court, in sustaining a demurrer to the evidence, treated the cause as one finally submitted for its determination, and upon considering and weighing all the evidence found therefrom that demurrant should prevail, the correctness of such decision must be tested by the general rule that the demurrer admits all the facts which the evidence tends to establish, as well as every fair and reasonable inference to be drawn therefrom.

In the present case there is no finding of fact and no affirmative showing that the court considered and weighed the evidence and rendered judgment thereon. In the absence of such showing in the record, the rule that the court in deciding upon the demurrer must have considered as true every portion of the evidence tending to support the case of the defendant should prevail. Tested by this rule, the court erred in sustaining the demurrer.

It follows, therefore, that the judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.