## INSURANCE CO. OF THE STATE OF PENNSYLVANIA v. HARRIS *et al.*

No. 6749. Opinion Filed October 12, 1915.

(152 Pac. 359.)

1. **ESTOPPEL—Pleading—Requisites.** In order for a party to avail himself of the doctrine of estoppel as constituting a part of his cause of action or defense, he should plead the facts constituting the estoppel with particularity. No intendments are indulged in favor of such a plea, but it is incumbent upon the party pleading it to aver all the facts essential to its existence.

2. **INSURANCE—Action on Policy—Pleading—Waiver of Forfeiture.** Pleadings examined, and **held** to sufficiently plead facts constituting waiver on the part of defendant.

3. **TRIAL—Order of Proof—Discretion.** Where an issue is expressly joined in the pleadings, and plaintiff rests his case, and the defendant demurs to plaintiff's evidence and upon request the court permits the plaintiff to withdraw his announcement and

offer other competent and material evidence bearing upon such issue, such action by the court will not constitute an abuse of discretion, in the absence of a showing of surprise by the defendant.

(Syllabus by the Court.)

*Error from District Court, Washita County; James R. Tolbert, Judge.*

Action by John D. Harris and another against the Insurance Company of the State of Pennsylvania, a corporation. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Scothorn, Caldwell & McRill,* for plaintiff in error.

*A. M. Beets* and *T. A. Edwards,* for defendant in error Harris.

*J. Q. A. Harrod,* for defendant in error Keil.

HARDY, J. Defendants in error, who will hereinafter be referred to as the assured, brought this action against plaintiff in error, who will be designated as the company, in the district court of Washita county to recover upon a policy of insurance issued by the company upon the written application of John D. Harris. Upon trial verdict was rendered for assured, and the company prosecutes error.

The first question urged by the company is that in his written application assured expressly warranted that certain mortgage indebtedness upon the property insured would not become due until January 12, 1913, and that the interest thereon was not past due; that both of these warranties failed, and the policy never attached, and was at all times null and void. The application upon which the policy was issued was incorporated in and made a part of the policy in accordance with section 3480, Rev. Laws

1910, and contained a statement that the mortgage indebtedness would not become due until January 12, 1913, and that there was no interest past due thereon, which statements were made warranties by the terms of the application and the policy. The note was dated January 12, 1911, and was payable one year after date, and provided for interest from date at 8 per cent. per annum, payable annually. The application was dated October 14, 1912, and the policy was issued on October 17th by the general agent at Oklahoma City. The note was made payable to Konrad Keil, and was executed by "the Washita County Cotton Grower's Association, by C. Reiger, President." Reiger testified that the note had been renewed for another year, and Konrad Keil, payee, also testified that prior to January 12, 1912, the note had been extended for one year, and that the agreement was in writing; that he had written a letter to Reiger, and in reply thereto received a letter dated December 18, 1911, accepting the proposition to the effect that Reiger should pay 10 per cent. interest for the extension, and the accrued interest should be added to the principal. J. Q. A. Harrod, an attorney, testified that Keil came to him in October or November, 1912, and engaged him to collect "this money" for him, and that he went to Bessie some time in the latter part of October or November and met Harris, who at that time told him it would not be due until January 12th following. Harrod told Harris if he would transfer the insurance to Keil and give additional security, and pay up the interest by December 1, 1912, the debt would be extended another year, which Harris agreed to do, but failed, and foreclosure proceedings were begun on December 27, 1912. The company contends that this evidence is proof conclusive that the indebtedness had not

been extended. With this contention we cannot agree. The evidence was ample to sustain a finding that said mortgage indebtedness had been extended, and was not due, as stated in the application, and the preponderance thereof would appear to sustain this view. The evidence also justifies a finding that a written agreement for the extension was entered into, but, if it be treated as an oral agreement, section 988, Rev. Laws 1910, does not prevent its operation. The original rate of interest was 8 per cent, and by the new arrangement the interest then due was added to the principal, and the new principal sum bore interest thereafter at the rate of 10 per cent. per annum, and the date of payment was extended one year from the former date of maturity. The promise to pay a higher rate of interest upon the new principal sum was a sufficient consideration for an agreement to extend the time of payment for a fixed and definite period (*Cain v. Munger*, 48 Okla. 24, 149 Pac. 1086; *Maker v. Taft et al.*, 41 Okla. 663, 139 Pac. 970, 52 L. R. A. [N. S.] 328); and when this agreement was consummated, and the time was, in fact, extended, even though the agreement be oral, this section of the statute was complied with, for it would not be necessary to wait until the expiration of the 12 months' extension before the oral agreement to extend could be said to be executed.

The company's second proposition is that the assured failed to plead or prove a waiver of the forfeiture by virtue of the breach of the two warranties previously discussed. In paragraphs B and C of the second amended reply, the assured alleged that the company elected to waive, and did waive, the provisions of said policy, for the reason that after the defendant had been notified of

the loss defendant called upon the plaintiff to make and furnish proof of loss, which plaintiff did at considerable expense and loss of time, and that at the time said defendant knew the mortgagee, Keil, had begun foreclosure proceedings on said property, and that said indebtedness was claimed to be due; that after defendant had been notified that said indebtedness was claimed to be due, and foreclosure proceedings had been begun, the defendant rejected the proof furnished by plaintiff and called upon him to furnish additional proofs; that, pursuant to said request, plaintiff, at considerable outlay of expense and time, prepared and furnished additional proofs of loss, and went to Oklahoma City, a distance of more than 100 miles, and testified under oath before the attorney for the defendant in reference to said matter; and that during all this time defendant knew said mortgage indebtedness was claimed to be due and foreclosure proceedings had been begun. The rule as established by previous decisions of this court is that:

"An estoppel must be pleaded in order to enable a party to avail himself of it on the trial, and must be pleaded with particularity in order to constitute either a cause of action or defense. No intendments are indulged in favor of such plea, but it is incumbent upon the party pleading to aver all the facts essential to its existence." *Holt v. Holt,* 23 Okla. 639, 102 Pac. 187; *Blakemore v. Johnson,* 24 Okla. 544, 103 Pac. 554; *American Job Ass'n. v. James,* 24 Okla. 460, 103 Pac. 670; *Cooper v. Flesner,* 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29.

And this rule has been applied in actions upon insurance policies. In *Nance v. Okla. Fire Ins. Co.,* 31 Okla. 208, 120 Pac. 948, 38 L. R. A. (N. S.) 426, the rule is stated thus:

"In order for a party to avail himself of the doctrine of estoppel as constituting a part of his cause of action or defense, he should plead the facts constituting the estoppel."

See, also, *Modern Woodmen v. Weekley*, 42 Okla. 25, 139 Pac. 1138.

In applying this rule to the pleading now under consideration, the company, while admitting it had knowledge that said indebtedness was claimed to be due, and foreclosure proceedings had been begun, seek to distinguish between an allegation of knowledge that said mortgage indebtedness was claimed to be due and an allegation that said indebtedness was, in fact, due, and therefore urge that, not having full knowledge of the facts, it could not waive the forfeiture. The law on this point is stated in 3 Cooley's Brief on Insurance, p. 2467, as follows:

"In order to establish a waiver, it must appear that the insurer acted with notice or full knowledge of the facts avoiding or waiving the insurance. An insurer cannot be held to have waived a right which he did not know existed."

It was a matter of sharp contention at the trial as to whether the mortgage indebtedness was, in fact, due, and, as already stated, we think the preponderance of the evidence justifies a finding that said indebtedness was not due. The pleadings allege, and the actual facts were, that the indebtedness was claimed to be due, and foreclosure proceedings had been commenced against the property; and the company admits that it had knowledge thereof. We think the pleadings were sufficient in this regard.

As to the facts under these issues, the evidence tends to show that on the 16th day of January, 1913, the com-

pany had notice of these facts, and thereafter required assured to file proofs of loss, which were rejected on March 10, 1913, without declaring a forfeiture of the policy for these reasons, expressly rejecting said proofs of loss because of same being insufficient and not meeting certain requirements of the policy. On April 16th, John D. Harris, in pursuance of the requirements of the company, appeared at Oklahoma City and submitted to a sworn examination in reference to the loss, and on April 19th the company denied liability without specifically asserting a forfeiture for said cause, but in the letter stating that it expressly reserved "unto itself any and all rights in the premises, including any and all forfeitures and defenses with the express intention of at all times asserting and standing upon same." Such conduct upon its part, with knowledge of the true state of facts, would constitute a waiver of the alleged forfeiture. *Pacific Mut. Life Ins. Co. v. O'Neil,* 36 Okla. 793, 130 Pac. 270; *Gish v. Ins. Co. of North America,* 16 Okla. 59, 87 Pac. 869, 13 L. R. A. (N. S.) 826; *St. L. & S. F. R. Co. v. Copeland,* 23 Okla. 837, 102 Pac. 104.

The condition in the policy that the company should not be held to have waived any provision or condition thereof by any requirement, act, or proceeding upon its part relating to the appraisal or to any examination thereunder provided for could not relieve the company of the forfeiture, for this provision only applies to matters relating to the appraisal of the loss or to the examination of the insured, and, while under this provision it has been held that an examination of the insured does not constitute a waiver (*Alfred Hiller Co. v. Ins. Co. of North America,* 125 La. 938, 52 South. 104, 32 L. R. A.

[N. S.] 453), it should not be construed to include a requirement that the assured furnish proofs of loss, or additional proofs, after knowledge of the company as to the acts upon which the forfeiture is predicated, as the assured was required to do in this case.

The third contention of the company is that the policy was void because foreclosure proceedings had been commenced with the knowledge of the insured, and that evidence of an estoppel or waiver of the forfeiture for said reasons was inadmissible, because not properly pleaded. The policy contained this provision:

"This entire policy, unless otherwise provided, by agreement, indorsed thereon or added thereto, shall be void if * * * with the knowledge of the insured foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed."

Under this provision, in order to constitute a forfeiture, it would not only be necessary that foreclosure proceedings be commenced, but also that this be done with the knowledge of the insured. The defendant in its answer alleged:

"That prior to the date of the fire referred to in plaintiffs' petition, to-wit, December 27, 1912, a certain foreclosure action, suit, and proceedings was commenced in this same court, with the knowledge of the insured, John D. Harris."

In plaintiff's rely it was alleged:

"That after said defendant had been notified and advised that said indebtedness was claimed to be due by the said Konrad Keil, and that foreclosure proceedings had been begun in the district court of Washita county, as alleged in defendant's answer, the said defendant re-

jected the proofs furnished by the said John D. Harris, and called upon him to furnish additional proof; * * * that during all of the time of said negotiations for settlement as heretofore set out, the defendant knew that said mortgage indebtedness was claimed to be due, and that foreclosure proceedings had been begun as aforesaid."

By its answer defendant alleged that foreclosure proceedings had been begun with the knowledge of the assured. This was pleaded as showing a forfeiture of the policy, which was urged in the answer, and plaintiffs, by way of reply, admitted that foreclosure proceedings had been begun as alleged, thereby admitting the two facts alleged in the answer, to-wit: (1) That foreclosure proceedings had been begun prior to the date of the fire, on, to-wit, December 27, 1912; and (2) that said proceedings were commenced with the knowledge of the assured. And, after admitting these material facts to be true, in avoidance thereof, plaintiff alleged that the company, after notice that foreclosure proceedings had been begun as alleged, that is, prior to the fire, and with the knowledge of the insured, rejected proofs furnished by said Harris, and called upon him for additional proofs, and that during all the time said negotiations were pending the defendant knew that said mortgage indebtedness was claimed to be due and foreclosure proceedings had been begun as aforesaid.

We think these pleadings were sufficient to properly plead a waiver of said alleged forfeiture, and evidence in support of such issue was admissible thereunder. This being true, the court did not abuse its discretion by permitting the assured, after having rested his case, and defendant had interposed its demurrer to his evidence, to reopen the case and introduce further and additional evi--

dence. *Harris v. Palmer*, 25 Okla. 770, 108 Pac. 385; *Bristow v. Carrigar*, 37 Okla. 736, 132 Pac. 1108; *St. L. & S. F. R. Co. v. Long*, 41 Okla. 177, 137 Pac. 1156, Ann. Cas. 1915C, 432.

Nor did the court commit an abuse of discretion in overruling the defendant's motion for a continuance upon the ground of surprise, for the reason that, the issue of estoppel or waiver by the company of the forfeiture urged because of the commencement of foreclosure proceedings with the knowledge of assured being properly pleaded, evidence was admissible in support thereof; and the company was under obligation to be prepared to meet said issue upon the trial, if it could do so. The argument in support of this last proposition is that, while the company knew foreclosure proceedings had been commenced prior to the fire, yet it did not have knowledge of the fact that the assured, Harris, knew of the commencement thereof prior to the fire. The witness Harrod testified that on the 16th day of January, 1913, he had a telephone conversation with Merrill & Braniff, general agents of the company, over the telephone, and that on the next day he saw Mr. Braniff personally and again talked the matter over with him, and in these conversations expressly stated that he had filed foreclosure proceedings, and that Harris knew about it, and had received notice thereof. The pleadings expressly joined issue on this fact. As already stated, defendant alleged that foreclosure proceedings were begun with knowledge of the assured, and, having urged that as a defense, the assured by way of reply admitted these facts to be true, and expressly alleged that the company, with knowledge of these facts, on March 10, 1913, rejected proofs of loss,

without asserting a forfeiture for that reason. Besides, the defendant asked that the jury be discharged and the case continued for the term in order to get the evidence of its general agent and adjuster, both of whom lived in Oklahoma City, a distance of about 100 miles from the place of trial.

Even if the plea of surprise were well taken, and we think it was not, still the necessity for a continuance for the term is not apparent, and at most, a postponement for a reasonable time was all that could be asked.

For the reasons given, the judgment is affirmed.

All the Justices concur.