## BAILEY et al. v. PRIVETT et al.

No. 6544—Opinion Filed June 6, 1917.

(166 Pac. 150.)

(Syllabus by the Court.)

1. Appeal and Error—Trial—New Trial—Demurrer to Evidence—Procedure—Record.

Our procedure does not expressly authorize a demurrer to the evidence in cases tried to the court without a jury, but the practice is followed in Kansas, and by the courts of this state. In such cases the action of the court in sustaining or overruling a demurrer to the evidence must be tested by the same rules that obtain in jury cases, unless, in the event the demurrer is sustained, it affirmatively appears from the record that the court weighed all the evidence as upon final submission, and so gave judgment upon the evidence.

2. Appeal and Error—Sustaining Demurrer to Evidence—Review—Prejudicial Error.

In an action tried to the court without a jury, where the trial court did not make findings of fact, and there was nothing in the record affirmatively showing that the court, in sustaining the demurrers, weighed the evidence as upon final submission, and where the evidence tested by the rule applicable to a demurrer to the evidence was sufficient, held, the trial court committed reversible error in sustaining the demurrers.

Error from District Court, Okmulgee County; Wade S. Stanfield, Judge.

Action by Pauline Bailey and others against George C. Beidleman and others for the cancellation of certain deeds and for the enforcement of a contract of sale. Judgment for the other defendants against plaintiffs and the defendant Beidleman, and they bring error. Reversed, and remanded for new trial.

J. C. Stone and Thomas J. Farrar, for plaintiffs in error.

Davidson & Williams, for defendants in error Privett and Farmers' & Merchants' State Bank of Bixby.

RAINEY, J. This action was instituted in the district court of Okmulgee county by Pauline Bailey and Isparhecher Brown against George C. Beidleman, W. E. Privett, the Farmers' & Merchants' State Bank of Bixby, Okla., and Mrs. M. A. Brown, for the cancellation of certain deeds and mortgages on the land allotted to one Charles McNack, deceased, a citizen of the Creek Nation of Indians, and for the enforcement of a contract of sale entered into by the defendant Beidleman with the plaintiffs, who claimed to be the owners of the land as heirs of the said Charles McNack, deceased.

The defendant Beidleman, in his answer to plaintiffs' petition, admitted the execution of the contract, and joined with the plaintiffs in the request for its enforcement and for the cancellation of the deeds and mortgages of his codefendants.

The cause was tried to the court without the intervention of a jury. At the trial the plaintiffs and the defendant Beidleman introduced their evidence and rested, whereupon all the other defendants interposed demurrers to the evidence, which the court sustained, and rendered judgment in favor of the defendants the Farmers' & Merchants' State Bank of Bixby, Okla., W. E. Privett, and Mrs. M. A. Brown, and against the plaintiffs and the defendant Beidleman.

John L. Maynard and Wm. S. Turman came into the action and asserted a lien against the land in controversy for services alleged to have been rendered the plaintiffs in another action. Upon the court sustaining the demurrers to the evidence introduced by plaintiffs in error, Maynard and Turman, by leave of court, were permitted to dismiss their claim without prejudice.

The plaintiffs, Pauline Bailey and Isparhecher Brown, and the defendant George C. Beidleman, as plaintiffs in error, bring the case here.

Subsequent to the filing of the appeal in this court Pauline Bailey died intestate on the 28th day of February, 1917, and left surviving her as her sole and only heirs at law her children, Jack Bailey, Margie Bailey, Martha Bailey, and July Bailey, all minors. On May 27, 1917, the action was revived in this court in the names of the said Jack Bailey, Margie Bailey, Martha Bailey, and July Bailey, as heirs at law of the said Pauline Bailey, deceased, and Thomas J. Ferrer was appointed guardian ad litem to represent said minors.

Plaintiffs in error present in their briefs seven assignments of error under three heads, but from the conclusion we have reached it will only be necessary to consider the first, which is as follows:

"The court erred in sustaining the demurrers to the evidence offered by the plaintiffs in error."

Under this assignment of error plaintiffs in error say that the demurrers should have been overruled, for the reason that they admitted every fact that was proved, and also every fact that the evidence in the slightest degree tended to prove, and cite in support of their contention a number of cases from this and other courts.

The rule contended for by plaintiffs in error is undoubtedly the rule that has been frequently and uniformly announced by this court. On a demurrer to the evidence in jury cases the court cannot weigh conflicting evidence, but will treat the evidence withdrawn which is most favorable to the demurrant. The demurrant in effect says to the court that he will proceed no further, because the evidence offered on the other side is not sufficient to maintain the issue. Thus in jury trials the office of a demurrer to the evidence is to withdraw a case on trial from the consideration of the jury and present to the court, in a formal manner, such facts as were actually proved, and such other facts as the evidence before the jury tended to prove, for the purpose of obtaining the judgment of the court as to their legal sufficiency to establish the plaintiff's charge or claim as against the defendant. This seems to be the general rule of all the courts. Counsel for defendants in error concede this to be the rule in jury cases, but argue that a different rule applies in cases tried to the court without the intervention of a jury. They say:

"Generally, in passing upon a demurrer to the evidence, the court must consider as true every portion thereof tending to prove the case of the party resisting the demurrer, and cannot weigh conflicting evidence, but, where the case is tried to the court without the intervention of a jury, the court may in passing upon a demurrer to the evidence consider the case as conditionally submitted, and may weigh the conflicting evidence and render judgment in accordance with the preponderance of the evidence."

In support of their position counsel rely upon the cases of Porter v. Wilson, 39 Okla. 500, 135 Pac. 732; Id., 239 U. S. 170, 36 Sup. Ct. 91, 60 L. Ed. 204; D'Yarmett v. Cobe, 51 Okla. 113, 151 Pac. 589; Lyon v. Lyon, 39 Okla. 111, 134 Pac. 650.

The practice of demurring to the evidence in cases tried to the court without a jury appears to be an anomalous procedure followed only by the courts of Kansas. Footnotes to Elliott's General Practice, sec. 855.

The third paragraph of section 5002, Rev. Laws 1910, is statutory authority for demurring to the evidence of the party on whom rests the burden of the issues, but has reference to the order of procedure in jury trials only. We have no express statutory provision for a demurrer to the evidence in cases tried to the court without a jury, but it is a practice long recognized in Kansas and in this jurisdiction, and where such practice is followed, we know of no good reason why a demurrer should not perform the same office

as it does in jury trials. We think that the case of Porter v. Wilson, supra, not only does not support the position of counsel for defendants in error, but is authority against their contention. In that case one of the important facts sought to be established by plaintiff was the existence of the marital relation between one Ben Porter and one Jennie McGilbra, alleged to be the plaintiff's parents, and the trial court in his special findings of fact found that such relation did not exist, but that the relation once existing between them was illicit, and that the plaintiff was an illegitimate offspring. The record discloses that the defendant's counsel in that case based his demurrer on the ground that the testimony of the plaintiff failed to prove the marriage of plaintiff's father and mother. It was on this testimony that the trial court made its findings of fact, and it was obvious from the record that the court weighed the evidence and found that the same was insufficient to establish plaintiff's claim.

The latter part of the first paragraph of the syllabus in the case reads:

"While the judgment of the court sustained the demurrer, yet, having made special findings of fact, it was obvious that the court weighed the plaintiff's testimony for the purpose of determining the rights of the respective parties, and, the whole case being before the court, and there being evidence reasonably tending to support the court's findings, no reversible error was committed."

In the body of the opinion Mr. Chief Justice Sharp, then a member of the Supreme Court Commission, speaking for the court, said:

"We must not, however, overlook the very important fact that the court did not render its judgment alone upon the demurrer to the evidence, but, after a consideration of the proof submitted by plaintiff, made its findings of fact, thereby necessarily weighing the plaintiff's testimony for the purpose of determining the rights of the respective parties to a recovery."

And in another place in the opinion we find this language:

"That the court did consider the testimony and determine the insufficiency is clearly established from the language of the journal entry."

The case of D'Yarmett v. Cobe, supra, does not support the position of the defendants in error. In that case Commissioner Bleakmore, the writer of the opinion, pointed out that the trial court did not make findings of fact, and there was nothing in the record affirmatively showing that the court considered and weighed the evidence. He

clearly stated the correct rule in passing on a demurrer in such cases to be as follows:

"Where on the trial of an action at law all the issues are submitted to the court without the intervention of a jury, and a demurrer to the evidence is passed upon and sustained, unless it affirmatively appears from the record that the trial court treated the cause as one finally submitted for its determination, and, upon considering and weighing all the evidence, found that the demurrant should prevail, the correctness of the decision sustaining such demurrer must be tested by the general rule that a demurrer admits all the facts which the evidence tends to establish, as well as every fair and reasonable inference to be drawn therefrom."

In the case of Lyon v. Lyon, supra, this court also called attention to the fact that in the Porter v. Wilson Case the record affirmatively showed that the trial court weighed the evidence and found the same insufficient on the gist of the action. After a thorough discussion of every phase of the question, Mr. Justice Thacker, speaking for the court, said:

"In any event the correctness of an order or judgment sustaining a demurrer to the evidence in cases tried to the court without a jury should be tested by the rule that the demurrer admits all the facts the evidence tends to prove, and every reasonable inference deducible therefrom in favor of the demurree, and also operates as a withdrawal of any evidence in favor of the demurrant, unless it affirmatively appears from the record that the judge did in fact weigh the evidence for the demurrant upon lack of probative effect, or absence of evidence upon the gist of the demurree's contention."

It was held that the lower court erred in sustaining the demurrer, which was also the holding of the court in the case of D'Yarmett v. Cobe, supra.

In the instant case the trial court did not make special findings of fact, and there is nothing in the journal entry or record affirmatively showing that he weighed the evidence. The judgment was upon the demurrers. The journal entry was such as is usually entered in similar cases where a demurrer is sustained to plaintiff's evidence on account of its insufficiency or want of probative effect, and it would be a strained construction for us to say from the language of the journal entry in this case that the court weighed the evidence. Testing the action of the trial court by the rule as announced by this court in the cases hereinbefore discussed, we think that the trial court committed reversible error in sustaining the demurrers.

The case is therefore reversed, and remanded for a new trial.

All the Justices concur, except OWEN, J., not participating.