## SALLISAW BANK & TRUST CO. et al. v. RHODES, Adm'r.

No. 13795—Opinion Filed Oct. 14, 1924.

### 1. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.

Where a case is submitted to a jury under proper instruction from the court, the jury being the finders of the facts, their verdict will not be disturbed if there is any evidence to support it.

### 2. Same—Judgment Sustained.

In this case, record examined, and held, that the case was fairly submitted to the jury and that the findings of fact made by the jury are amply supported by the evidence and the case should be affirmed.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Sequoyah County; J. H. Jarman, Judge.

Action by Sallisaw Bank & Trust Company et al. against C. B. Rhodes, administrator of the estate of John F. Priest. There was judgment for the defendant and plaintiffs appeal. Affirmed

W. L. Curtis, for plaintiffs in error.

T. M. McCombs, for defendant in error.

Opinion by MAXEY, C. This suit was begun in the district court of Sequoyah county on the 24th day of August, 1914. The amended petition on which the case was tried is a suit on two promissory notes, one dated the 19th day of April, 1913, due November 20, 1913, and the other note dated January 27, 1913, for $335.50, to mature on November 20, 1913. Both of said notes bore interest at the rate of ten per cent. per annum from maturity until paid. These notes were made to the Farmers' National Bank of Sallisaw, Okla., and thereafter assigned before maturity to the Sallisaw Bank & Trust Company and R. W. Hines, and both were signed by the defendant, John F. Priest. Soon after the commencement of this suit, R. W. Hines died and L. C. Moore was appointed administrator of his estate, and prior to the filing of the second amended petition, said administrator made final settlement and was discharged, and the children of R. W. Hines were made parties plaintiff as heirs at law of R. W. Hines. The amount claimed on said notes was $626, on the first note, and a balance of $159.92 on the second note, and interest and attorneys' fees.

The defendant in his answer admits the

execution of the two notes sued on, but alleges that the note of January 27, 1913, has been paid in full, and alleges that the plaintiffs had failed to give him credits that he was entitled to, and if he had the proper credits he would owe nothing on either of said notes, but on the contrary the plaintiffs would be indebted to him. Defendant then sets up that he made certain payments on said notes and directed said payments to be applied on the two notes sued on, and that he also put up certain collateral notes with the plaintiffs at the time said notes were executed, and alleges that said collateral notes were all good collectible notes, and alleges that if the plaintiffs had used ordinary diligence they could have collected all of said notes, and that he was entitled to credit for same. He also set out certain payments that he made at different times, giving the date and the amount of such payments, but said each payment made was to be credited on the two notes sued on.

After the trial of this case and before the appeal was perfected, the defendant John F. Priest died, and C. B. Rhodes was appointed administrator of his estate, and now appears as defendant in error. The case was tried to the court and a jury and the defendant having admitted the execution of the notes and pleaded payment, took the burden and introduced his testimony first. There was a great deal of quibbling over the introduction of the testimony, but Mr. Priest, the defendant, testified in detail as to the various transactions and to the payments, and it seems that most of his dealings were with Mr. Hines, and we think a good deal of confusion in the testimony came from the fact that Mr. Hines, with whom the transaction was principally had, had died. Each party was given full latitude by the court in getting their testimony before the jury, and there is but little complaint as to the testimony. The testimony presents the question clean cut as to whether Priest had paid the notes sued on. According to Priest's testimony he had overpaid the notes if the plaintiffs should be charged with the collateral notes placed in their hands. The evidence shows that some of these notes were paid, but it is not clear as to whether they all were paid. The defendant filed a cross-petition asking for judgment against the plaintiffs for $785 on account of payments made, and for an item of $450 collected on the collateral notes, making in all the sum of $1,235, offset claimed by the defendant.

The court gave instructions that we think fairly cover the law of the case, and while the plaintiffs in error complain of instruc-

tions Nos. 4 and 5, we think that when taken with the balance of the charge of the court, the law was fairly presented, and there was no error in giving these two instructions. It appears from the testimony that the defendant had various other transactions with the plaintiffs and gave some other notes. Mr. Priest stated that these transactions were nearly all with Mr. Hines, and that he paid all of the other notes and told how he paid them, and said that if Mr. Hines was living he would know all about it. There was a note for $200 that plaintiffs claimed was not paid, but Mr. Priest contended that it was paid, and explained how it was paid, and that question was fairly presented to the jury. The plaintiffs in error in their brief contend that the defendant was estopped from making the defense he did on the collateral notes because a year or so before this suit was filed he asked the plaintiffs to turn the notes back to him, and he would collect them, but plaintiffs declined to do so. We do not think there is anything to this contention, or that it amounts to an estoppel. If plaintiffs' contention is right, there was no estoppel pleaded either in the petition or reply or in any other pleading, and this court has held repeatedly that in order for a party to avail himself of the doctrine of estoppel, as constituting a part of his cause of action or defense, he should have pleaded the facts constituting the estoppel with particularity. No intendments are indulged in favor of such a plea, but it is incumbent upon the party pleading it to aver all the facts essential to its existence. Insurance Company of Penn. v. Harris, 49 Okla. 165, 152 Pac. 359; Halsell v. First National Bank, 48 Okla. 535, 150 Pac. 489; Jones v. S. H. Kress & Co., 54 Okla. 194, 155 Pac. 655; Fidelity Mutual Life Ins. Co. of Philadelphia, Pa., v. Dean et al., 57 Okla. 87, 156 Pac. 304. The defendant has a right to direct the application of the money paid, and when he directed it paid on the notes sued on, the plaintiffs had no right to apply it on any other indebtedness. D' Yarmett v. Cobe, 51 Okla. 113, 151 Pac. 589. As before stated both parties were permitted by the court a wide range in the introduction of testimony, and the case was fairly presented to the jury, and under the rule of this court that, where the evidence presents an issue of fact, whether clear or obscure, it is the duty of the court to submit such issue to the jury for its determination. Blair v. Lewis, 57 Okla. 707, 157 Pac. 905; State Bank of Westfield v. Kaiser et al., 46 Okla. 180, 148 Pac. 685. Following this rule, the case is affirmed.

By the Court: It is so ordered.